Troutman Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com



**Bennet J. Moskowitz**
bennet.moskowitz@troutman.com

January 24, 2020

**ECF**

Hon. Andrew L. Carter Jr.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *Juliette Bryant v. Darren K. Indyke and Richard D. Kahn, in their capacities as executors of the Estate of Jeffrey E. Epstein*, 1:19-cv-10479-ALC-DCF

Dear Judge Carter:

We represent Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein (together, the "Co-Executors"), in the above-referenced action. We write pursuant to Your Honor's Individual Practice § 2(A) to set forth the bases for the Co-Executors' anticipated motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the time-barred claims and punitive damages demand in Plaintiff Juliette Bryant's ("Plaintiff") Complaint (ECF No. 1).

1. **Plaintiff is a South African resident who alleges Decedent committed torts against her from 2002 to 2004 when she was an adult, in various jurisdictions.**

Plaintiff, who claims South African citizenship and residency, alleges that, from 2002 (when she was 20) to 2004, Mr. Epstein ("Decedent"), now deceased, committed various sexual offenses against her in the U.S. Virgin Islands ("USVI"), France, Florida, New Mexico and New York. (Compl. ¶¶ 16, 38, 50, 55.) Plaintiff asserts two causes of action -- battery and intentional infliction of emotional distress -- and demands punitive damages. (*Id.* ¶¶ 54-64, p. 15.)

2. **Plaintiff's causes of action are time-barred.**

CPLR § 202 provides that, when a non-N.Y. resident such as Plaintiff sues on causes of action accruing outside N.Y., the complaint must be timely under the statute of limitations ("SOL") of both N.Y. *and* the jurisdiction where the claim accrued.[1] Plaintiff's causes of action expired by: 2006 per the USVI's 2-year SOL (5 V.I.C. § 31(5)(A)); 2008 per FL's 4-year SOL (Fla. Stat. § 95.11 (3)(O)); 2007 per N.M.'s 3-year SOL (N.M. Stat. § 37-1-8); and 2005 or 2007 per N.Y.'s 1- or 3-year SOL (CPLR §§ 214(5), 215(3)).

3. **Plaintiff's attempts to plead around the statutes of limitations fail.**

Plaintiff erroneously alleges her claims are timely per CPLR § 213-c or § 215(8)(a), her claims were equitably tolled, and that the Co-Executors are equitably estopped from asserting an SOL defense (Compl. ¶¶ 12-15). Each of these arguments fails as a matter of law.

---

[1] "In diversity cases in New York, federal courts apply … C.P.L.R. § 202." *Commerzbank AG v. Deutsche Bank Nat'l Tr. Co.*, 234 F. Supp. 3d 462, 467 (S.D.N.Y. 2017) (citation omitted).



First, neither CPLR § 213-c nor § 215(8)(a) applies here. The 20 year SOL in CPLR § 213-c became effective as of September 18, 2019; the SOL was 5 years as of 2006 and 1 year before then. (L. 2006, ch 3, § 5(b).) However, the 20-year SOL does not apply retroactively except "where the applicable [SOL] in effect on the date of such act or omission has not yet expired." L. 2019, ch. 315, §4. Therefore, CPLR § 213-c cannot revive Plaintiff's claims arising from torts committed in N.Y.

Separately, CPLR § 215(8)(a) provides: "Whenever it is shown that a criminal action against the same defendant has been commenced *with respect to the event or occurrence from which a claim governed by this section arises*, the plaintiff shall have at least one year from the termination of the criminal action … to commence the civil action" (emphasis added). Decedent's criminal indictment (the "Indictment") attached to Plaintiff's Complaint does not concern Plaintiff's allegations.  Rather, the indictment charges Decedent sexually abused "minor girls" (Compl., Ex. A at ¶ 1), stating throughout that it concerns sex trafficking of "minors." (*Id.*, Ex. A at ¶¶2 - 4, 6, 8, 11- 15, 18 - 20, 22.) Because Plaintiff alleges she was an adult when Decedent abused her, her action and the Indictment arise from different occurrences.

New York courts apply CPLR § 215(8)(a) narrowly. *See Christodoulou v. Terdeman*, 262 AD2d 595, 596 (2d Dept. 1999) (CPLR § 215(8)(a) applied only to claims based on events of February 26, 1993 and December 28, 1993, because it was only in connection with events of those two days that a criminal prosecution was commenced against defendant); *Gallina v. Thatcher*, No. 2017-52980, 2018 N.Y. Misc. LEXIS 8435 (Sup. Ct. Dutchess Cnty. Oct. 23, 2018) (CPLR § 215(8)(a) inapplicable where incidents charged in criminal action and those alleged in civil action occurred on different dates); *McElligott v. City of N.Y.*, 15-cv-7107 (LGS), 2017 U.S. Dist. LEXIS 201829, at *13 (S.D.N.Y. Dec. 7, 2017) (CPLR § 215(8)(a) inapplicable to claims against civil defendants not charged as co-defendants in criminal action, notwithstanding same events gave rise to both actions).  Plaintiff alleges a far more tenuous connection to the Indictment than the criminal-civil links unsuccessfully asserted in those cases.

Second, even if CPLR § 213-c and § 215(8)(a) apply, which they do not, Plaintiff's claims for torts committed outside N.Y. are still untimely per the limitations periods of those jurisdictions and CPLR § 202.  While Plaintiff alleges Decedent raped her within 20 years of filing her Complaint (Compl. ¶13), she does not allege that occurred in N.Y. Plaintiff's claims for torts outside N.Y. are untimely.

Third, Plaintiff fails to meet her burden to allege extraordinary circumstances sufficient to justify tolling or equitable estoppel. Equitable tolling is only applied where a plaintiff is "prevented in some *extraordinary way* from exercising h[er] rights." *Viti v. Guardian Life Ins. Co. of Am.*, 10-cv-2908 (ALC) (MHD), 2012 U.S. Dist. LEXIS 189633, at *30 (S.D.N.Y. Oct. 5, 2012), *adopted by*, 2013 U.S. Dist. LEXIS 174145 (S.D.N.Y. Dec. 11, 2013) (emphasis added) (citations omitted). Under this doctrine, a court may, "under *compelling circumstances*, make *narrow exceptions* to the statute of limitations … 'to prevent inequity.'" *Id.* (emphasis added) (citations omitted).  "That the doctrine is to be employed only sparingly -- in '*extraordinary*' and '*compelling*' circumstances -- is reflected in the fact that the plaintiff bears the burden of persuasion to show that tolling is justified." *Id.* (emphasis added) (citing *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).  A late-filing party seeking equitable tolling must also demonstrate she acted with "reasonable


diligence" in pursuing her claims during the period she seeks to toll. *Id.* at *32 (citation omitted). Equitable estoppel only applies where a plaintiff knows her cause of action exists but the defendant's conduct causes her to delay in bringing her lawsuit. *Yesh*, 2010 U.S. Dist. LEXIS 101744, at *5 (citation omitted). Equitable estoppel requires a plaintiff to show: (i) the defendant made a definite misrepresentation of fact and had reason to believe the plaintiff would rely on it; and (ii) the plaintiff reasonably relied on the misrepresentation to her detriment. *Id.* (citation omitted). Tolling is inappropriate where, as here, a plaintiff fails to articulate any acts by a defendant that prevented her from timely commencing suit. *Id.* at *6 (citation omitted).

Plaintiff's threadbare allegations of "deception," "threats" and the like (Compl. ¶14) do not establish "extraordinary" circumstances justifying tolling. Nor has Plaintiff alleged (i) that Decedent made a misrepresentation to her and had reason to believe she would rely on it, or (ii) that Plaintiff reasonably relied on it to her detriment.

### 4. Plaintiff's claim for punitive damages fails as a matter of law.[2]

Plaintiff's punitive damages claim must be dismissed as a matter of law because none of the jurisdictions where the alleged torts occurred permits punitive damages against a decedent tortfeasor's estate. *See Poindexter v. Zacharzewski*, 18-14155, 2018 U.S. Dist. LEXIS 189861, at *6 (Nov. 5, 2018 S.D. Fla.) ("Florida law prohibits recovery of punitive damages from the estate of a wrongdoer who is deceased."); *Jaramillo v. Providence Wash. Ins. Co.*, 117 N.M. 337, 346 (N.M. 1994) ("punishment and deterrence are not accomplished by enabling recovery of punitive damages from the estate"); NY EPTL § 11-3.2 (a)(1) ("an action may be brought or continued against the personal representative of the decedent, but punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injury."); *Powell v. Chi-Co's Distrib.*, ST-13-TOR-14, 2014 V.I. LEXIS 21, at *5 n.13 (U.S.V.I. Super. Ct. Apr. 3, 2014) (Restat. §908(2) "reflects the common law of this jurisdiction").[3] That is the law in most jurisdictions, as reflected in the Restatement. *See Restat. (Second) Of Torts* § 908 cmt. a (punitive damages not available against representatives of deceased tortfeasor).[4]

---

[2] Courts in this District regularly dismiss punitive damages claims. *See The Cookware Co. (USA), LLC v. Austin*, 15-5796, 2016 U.S. Dist. LEXIS 177691, at *17 (S.D.N.Y. Dec. 8, 2016) (dismissing punitive damages claim without leave to replead); *SJB v. N.Y.C. Dep't of Educ.*, 03-6653, 2004 U.S. Dist. LEXIS 13227, at *25-26 (S.D.N.Y. Jul. 14, 2004) (dismissing punitive damages claims not statutorily available).

[3] To determine common law, USVI courts consider: (1) whether USVI courts previously adopted a rule; (2) the position taken by a majority of other jurisdictions; and (3) which approach is the soundest for the USVI. *Gov't of Virgin Islands v. Connor*, No. S. CT. CIV. 2013-0095, 2014 WL 702639, at *1 (V.I. Feb. 24, 2014). These factors favor the Co-Executors: (1) pre-*Banks*, USVI courts expressed approval for *Restat.* § 908 (*see Hamilton v. Dowson Holding Co.*, 51 V.I. 619, 628 (D.V.I. 2009) (considering the inverse issue)); (2) a majority of other jurisdictions preclude punitive damages against a tortfeasor's estate (2 Linda L. Schlueter, *Punitive Damages* § 20.4 (7th ed. 2015)); and (3) post-*Banks*, USVI courts have held § 908 is the soundest rule (*Powell*, *supra*.).

[4] France does not recognize punitive damages. Punitive Damages, *supra.*, at § 22.4 (citation omitted).



Respectfully submitted,

*s/Bennet J. Moskowitz*
Bennet J. Moskowitz