UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JULIETTE BRYANT,

                Plaintiff,

   -against-

DARREN K. INDYKE and RICHARD D.
KAHN, in their capacities as the executors of
the ESTATE OF JEFFREY EDWARD
EPSTEIN,

             Defendants.

Case No. 1:19-cv-10479 (ALC) (DCF)

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York 10022 Tel: 212-704-6000
Fax: 212-704-6288

*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS ................................................................................... 2

    I.    Plaintiff Alleges Decedent Sexually Assaulted Her From 2002-2004, When She Was An Adult ................................................................. 2

ARGUMENT ....................................................................................................... 4

    I.    Plaintiff's Causes Of Action Expired In 2014 At The Latest ................ 4

    II.    Plaintiff's Attempts To Invoke Extraordinary Statute Of Limitations Exceptions Fail ................................................................................. 7

        A.    CPLR § 215(8)(a) is inapplicable because the Indictment arises out of the alleged sex trafficking of minors, not adults such as Plaintiff. ........ 7

        B.    CPLR § 213-c is inapplicable because it is not retroactive .................... 10

        C.    Plaintiff fails to meet her burden to allege "extraordinary" circumstances sufficient to justify tolling or equitable estoppel ............. 12

    III.    Plaintiff's Claim For Punitive Damages Are Barred As A Matter Of Law ......... 16

        A.    *Banks* factor one: previously, USVI courts favorably cited the Restatement section that precludes punitive damages against estates. ................................................................. 18

        B.    *Banks* factor two: a majority of U.S. jurisdictions do not permit an award of punitive damages based on the wrongful acts of a decedent ......................................................... 19

        C.    *Banks* factor three: Post-*Banks*, USVI courts have favorably applied Restatement Section 908 to questions regarding punitive damages ................................................................ 19

CONCLUSION ................................................................................................... 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abercrombie v. College*,
438 F. Supp. 2d 243 (S.D.N.Y. 2006)..................................................................15

*In re Air Crash at Belle Harbor*,
No. 02 MDL 1448 (RWS), 2008 U.S. Dist. LEXIS 109247 (S.D.N.Y. Mar.
10, 2008) ..............................................................................................................17

*Antone v. Gen. Motors Corp., Buick Motor Div.*,
64 N.Y.2d 20, 484 N.Y.S.2d 514, 473 N.E.2d 742 (1984).....................................6

*Banks v. Int'l Rental & Leasing Corp.*,
55 V.I. 967 (V.I. 2011) .............................................................................18, 19, 20

*Blissett v. Eisensmidt*,
940 F. Supp. 449 (N.D.N.Y. 1996)........................................................................17

*Boos v. Runyon*,
201 F.3d 178 (2d Cir. 2000)..................................................................................13

*Booth v. Bowen*,
No. CIV. 2006-217, 2008 WL 220067 (D.V.I. Jan. 10, 2008) ..............................18

*Brandy v. Flamboyant Inv. Co., Ltd.*,
24 V.I. 249 (V.I. Terr. Ct. 1989)............................................................................20

*Cerbone v. Int'l Ladies' Garment Workers' Union*,
768 F.2d 45 (2d Cir. 1985)....................................................................................13

*Christodoulou v. Terdeman*,
262 A.D.2d 595 (2d Dept. 1999) .........................................................................7, 8

*Clemens v. Nealon*,
202 A.D.2d 747 (N.Y. App. Div. 1994) ..................................................................9

*Commerzbank AG v. Deutsche Bank Nat'l Tr. Co.*,
234 F. Supp. 3d 462 (S.D.N.Y. 2017).....................................................................4

*Conklin v. Maidenbaum*,
No. 12-cv-3606, 2013 U.S. Dist. LEXIS 113975 (S.D.N.Y. Aug. 13, 2013)
(Ramos, J.) ............................................................................................................14

*Crabtree v. Estate of Crabtree*,
837 N.E.2d 135 (Ind. 2005) ...................................................................19

*Davis v. Christian*,
46 V.I. 557 (D.V.I. App. Div. 2005).......................................................19

*Dep't of Econ. Dev. v. Arthur Andersen & Co.*,
747 F. Supp. 922 (S.D.N.Y. 1990) .........................................................15

*Fairley v. Collins*,
No. 09-Civ-6894 (PGG), 2011 U.S. Dist. LEXIS 26536 (Mar. 15, 2011
S.D.N.Y.) (Gardephe, J.)...........................................................................12

*Gallina v. Thatcher*,
No. 2017-52980, 2018 N.Y. Misc. LEXIS 8435 (Sup. Ct. Dutchess Cnty. Oct.
23, 2018) ...........................................................................................7, 8

*Gleason v. Gleason*,
26 NY2d 28, 256 N.E.2d 513, 308 N.Y.S.2d 347 (1970).......................11

*Gleason v. Holman Contract Warehousing*,
170 Misc. 2d 668, 649 N.Y.S.2d 647 (Sup. Ct. 1996).....................11, 12

*Gov't of Virgin Islands v. Connor*,
No. S. CT. CIV. 2013-0095, 2014 WL 702639 (V.I. Feb. 24, 2014) .....................18

*Graham v. Henderson*,
224 F.R.D. 59 (N.D.N.Y. 2004)..............................................................17

*Hamilton v. Dowson Holding Co.*,
51 V.I. 619 (D.V.I. 2009)........................................................................18

*Hammerman v. Louis Watch Co.*,
7 A.D.2d 817, 181 N.Y.S.2d 65 (3rd Dept. 1958) ...................................6

*Hammerman v Louis Watch Co.*,
7 AD2d 817 ...............................................................................................6

*In re Higgins*,
270 B.R. 147 (Bankr. S.D.N.Y. 2001).....................................................13

*Isaac v. Crichlow*,
63 V.I. 38, 2015 V.I. LEXIS 15 (V.I. Super. Ct. 2015)..........................19

*Jaramillo v. Providence Wash. Ins. Co.*,
117 N.M. 337 (N.M. 1994) .....................................................................17

*Johnson v. Nyack Hosp.*,
  86 F.3d 8 (2d Cir. 1996)...................................................................................13

*Kashef v. BNP Paribas S.A.*,
  925 F.3d 53 (2d Cir. 2019)................................................................................10

*Kunica v. St. Jean Fin.*,
  97 Civ. 3804, 1998 U.S. Dist. LEXIS 11867 (S.D.N.Y. July 29, 1998) (Sweet,
  J.)..........................................................................................................................20

*Lohr v. Byrd*,
  522 So. 2d 845 (Fla. 1988)................................................................................17

*McElligott v. City of N.Y.*,
  No. 15-cv-7107 (LGS), 2017 U.S. Dist. LEXIS 201829 (S.D.N.Y. Dec. 7,
  2017) ......................................................................................................................7

*Moll v. U.S. Life Title Ins. Co. of N.Y.*,
  700 F. Supp. 1284 (S.D.N.Y. 1988)..................................................................15

*Pappas v. Hotel on the Cay Time-Sharing Ass'n*,
  69 V.I. 3 (U.S.V.I. Super. Ct. 2015) .................................................................19

*Poindexter v. Zacharzewski*,
  No. 18-14155-CIV, 2018 U.S. Dist. LEXIS 189861 (Nov. 5, 2018 S.D. Fla.) ......17

*Powell v. Chi-Co's Distrib.*,
  No. ST-13-TOR-14, 2014 V.I. LEXIS 21 (U.S.V.I. Super. Ct. Apr. 3, 2014) ......20

*Purdy v. Consumers Distrib. Co.*,
  648 F. Supp. 980 (S.D.N.Y. 1986) (Cedarbaum, J.)............................................21

*Matter of Regina Metro. Co., LLC v. N.Y. State Div. of Hous. & Cmty. Renewal*,
  2020 NY Slip Op 02127 .....................................................................................11

*Siegfried v Siegfried*,
  92 A.D.2d 916......................................................................................................6

*Simons v. Marriott Corp.*,
  92 Civ. 3762 (SWK), 1993 U.S. Dist. LEXIS 14365 (S.D.N.Y. Oct. 12, 1993)....................16

*SJB v. N.Y.C. Dep't of Educ.*,
  No. 03 Civ. 6653, 2004 U.S. Dist. LEXIS 13227 (S.D.N.Y. July 14, 2004)
  (Buchwald, J.) .....................................................................................................20

*Smith v. N.Y.C. Dep't of Corr.*,
  No. 09-civ-7639, 2010 U.S. Dist. LEXIS 137152 (S.D.N.Y. 2010) ......................13

*St. Thomas House, Inc. v. Barrows*,
    15 V.I. 435 (V.I. Terr. Ct. 1979)..................................................................20

*Starr Indem. & Liab. Co. v. Am. Claims Mgmt.*,
    No. 14-cv-0463-JMF, 2015 U.S. Dist. LEXIS 60272 (S.D.N.Y. May 7, 2015).....................16

*The Cookware Co. (USA), LLC v. Austin*,
    No. 15 Civ. 5796, 2016 U.S. Dist. LEXIS 177691 (S.D.N.Y. Dec. 8, 2016)
    (Batts, J.) ..................................................................................................20

*Thomas v. Rijos*,
    780 F. Supp. 2d 376 (D.V.I. 2011) ..........................................................20

*In re U.S. Lines, Inc.*,
    318 F.3d 432 (2d Cir. 2003)......................................................................13

*Viti v. Guardian Life Ins. Co. of Am.*,
    No. 10-cv-2908 (ALC) (MHD), 2012 U.S. Dist. LEXIS 189633 (S.D.N.Y.
    Oct. 5, 2012) ......................................................................................12, 13

*Yesh Diamonds, Inc. v. Yashaya*,
    No. 09-CV-2016 (DLI) (RER), 2010 U.S. Dist. LEXIS 101744 (E.D.N.Y.
    Sept. 27, 2010) ........................................................................................13

**Statutes**

EPTL § 11-3.2 (a)(1)...................................................................................16

Fla. Stat. § 95.11 (3)(O) ...........................................................................1, 5

McKinney's Cons. Laws...........................................................................9, 11

N.M. Stat. § 37-1-8 ...................................................................................1, 5

New York Child Victim's Act ......................................................................12

New York Estates, Powers and Trusts Law ................................................16

New York General Construction Law § 37-a ..............................................17

**Other Authorities**

Alec A. Beech, *Adding Insult to Death: Why Punitive Damages Should Not Be
    Imposed Against a Deceased Tortfeasor's Estate in Ohio*, 49 Akron L. Rev.
    553 (2016)...............................................................................................19

CPLR § 202....................................................................................................4, 5

CPLR § 213-c ..........................................................................1, 2, 3, 10, 11, 12

CPLR §§ 214(5), 215(3) ....................................................................................1, 4

CPLR § 214-g ....................................................................................................12

CPLR §215(8) .................................................................................................8, 9

CPLR § 215(8)(a) .............................................................................1, 2, 3, 7, 8, 9

Federal Rule of Civil Procedure 12(b)(6) ...............................................1, 12, 21

2 Linda L. Schlueter, *Punitive Damages* § 20.4 (7th ed. 2015)....................19

2 Linda L. Schlueter, *Punitive Damages* § 22.4 (7th ed. 2015)....................18

Restatement (Second) of Torts....................................................................18, 19, 20

Rouhette, *The Availability of Punitive Damages in Europe: Growing Trend or Nonexistent Concept* ..................................................................................18

Timothy R. Robicheaux and Brian H. Bornstein, *Punished, Dead Or Alive: Empirical Perspectives on Awarding Punitive Damages Against Deceased Defendants* ...............................................................................................19

Defendants Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jeffrey E. Epstein (the "Co-Executors"), submit this memorandum of law in support of their motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's Complaint (ECF No. 1) because it is time-barred and Plaintiff's claim for punitive damages because it is prohibited by statute.

## PRELIMINARY STATEMENT

This action is time-barred. Plaintiff, who claims South African citizenship and residency, alleges that, from 2002 (when she was 20 years old) to 2004, Jeffrey E. Epstein ("Decedent"), now deceased, committed various sexual offenses against her in the U.S. Virgin Islands ("USVI"), France, Florida,[1] New Mexico, and New York. (Compl. ¶¶ 16, 38, 50, 55.) Plaintiff asserts two causes of action—battery and intentional infliction of emotional distress—and demands punitive damages. (*Id.* ¶¶ 54-64, p. 15.)

However, Plaintiff's causes of action expired by: 2006 per the USVI's two-year statute of limitations (5 V.I.C. § 31(5)(A)); 2005 or 2007 per New York's one- or three-year statute of limitations (CPLR §§ 214(5), 215(3)); 2007 per New Mexico's three-year statute of limitations (N.M. Stat. § 37-1-8); 2008 per Florida's four-year statute of limitations (Fla. Stat. § 95.11 (3)(O)); and 2014 per France's ten-year statute of limitations (Art. 2226 (1) of the French Civil Code). Accordingly, Plaintiff's claims are untimely and must be dismissed.

In apparent recognition that her claims are time-barred, Plaintiff erroneously alleges that they are timely pursuant to CPLR § 215(8)(a)[2] and CPLR § 213-c, they were equitably tolled, and

---

[1] In two conclusory allegations, Plaintiff lists Florida as one of the locations where she was assaulted (Compl. ¶¶ 25, 55), but offers no factual allegations in support.

[2] CPLR § 215(8)(a) provides: "Whenever it is shown that a criminal action against the same defendant has been commenced **with respect to the event or occurrence from which a claim governed by this section arises**, the plaintiff shall have at least one year from the termination of the criminal action … to commence the civil action" (emphasis added).

that the Co-Executors are equitably estopped from asserting a statute of limitations defense. (Compl. ¶¶ 12-15.) Each of these arguments fails as a matter of law.

CPLR § 215(8)(a) does not apply here because Decedent's criminal indictment (the "Indictment"), which concerns alleged sexual abuse of **_minors_**, has nothing to do with Plaintiff, who alleges misconduct when she was an adult. Similarly, CPLR § 213-c fails because it does not apply retroactively, and Plaintiff's claims had already expired by the time it was enacted in September 18, 2019. Plaintiff also fails to meet her burden at the pleadings stage to allege extraordinary circumstances sufficient to justify tolling or equitable estoppel.

Finally, Plaintiff's demand for punitive damages must also be dismissed as a matter of law. New York law, which applies here because New York has the greatest connection to this matter, expressly bars recovery of punitive damages in a personal injury action brought to recover damages from a decedent tortfeasor's estate—*i.e.*, exactly what Plaintiff attempts to do here. However, even if Florida, New Mexico, USVI, or French law applies (the only other locations where Plaintiff alleges she was harmed), Plaintiff's punitive damages claim would likewise be barred under the laws of those jurisdictions, which are in accord with New York and the majority of U.S. jurisdictions that prohibit recovery of punitive damages against a decedent tortfeasor's estate.

## STATEMENT OF FACTS

### I. Plaintiff Alleges Decedent Sexually Assaulted Her From 2002-2004, When She Was An Adult

Plaintiff claims she met Decedent in 2002, when she was twenty years old, in Cape Town, South Africa. (Compl. ¶ 38.) She alleges that an American woman approached her and asked if she wanted to meet Decedent. (*Id.*) Plaintiff alleges she met Decedent and, on some later date, another woman helped Plaintiff get a visa, passport, and airline tickets so she could visit Decedent

in New York. (*Id.* ¶¶ 39-41.) Plaintiff claims that, shortly after arriving in New York, she was flown to the Caribbean on Decedent's private plane. (*Id.* ¶¶ 42-43.) Plaintiff alleges that Decedent first sexually assaulted her in the USVI. (*Id.* ¶¶ 43-44.)

Plaintiff further alleges that she was sexually abused multiple times thereafter, during a period of two years, when she was forced to travel and meet Decedent in New York, Paris, and New Mexico. (*Id.* ¶¶ 46, 49-50.) Plaintiff claims her final trip to the United States was in 2004, when she allegedly flew to see Decedent at his New Mexico ranch. (*Id.* ¶ 50.) During this trip, Decedent and Plaintiff allegedly had an argument because Plaintiff was "not being obedient." (*Id.*) Decedent also asked Plaintiff to serve drinks on a plane headed to California, but Plaintiff and Decedent allegedly had another argument and Plaintiff flew home to South Africa instead. (*Id.*) This trip—***sixteen years ago***—was the last time she alleges she saw Decedent. (*Id.*)

Apparently recognizing that her claims are time-barred under the applicable statutes of limitations, Plaintiff alleges generic legal conclusions that also appear in other time-barred complaints against the Co-Executors that Plaintiff's counsel filed in this District on behalf of other individuals. Thus, Plaintiff alleges in conclusory fashion:

- This action has been timely filed pursuant to N.Y. C.P.L.R. § 215(8)(a), which provides that a plaintiff shall have at least one year from the termination of a criminal action against the same defendant to commence an action with respect to the event or occurrence from which the criminal action arose. A criminal action against [Decedent] with respect to the same sex trafficking enterprise from which Plaintiff's claims arise was terminated on August 29, 2019. (*Id.* ¶ 12.)

- This action has been timely filed pursuant to N.Y. C.P.L.R. § 213-C, which provides that a plaintiff shall have 20 years to file civil claims "for physical, psychological or other injury or condition suffered by such person as a result of conduct which would constitute rape in the first degree as defined in section 130.35 of the penal law." [Decedent] raped Plaintiff within 20 years of filing this Complaint. (*Id.* ¶ 13.)

- Any statute of limitations applicable to Plaintiff's claims is tolled due to the continuous and active deception, duress, threats of retaliation, and other forms of misconduct that [Decedent] and his co-conspirators used to silence his victims, including Plaintiff. [Decedent]'s actions deprived Plaintiff of the opportunity to commence this lawsuit before

his death. Until his death, Plaintiff feared that [Decedent] and his co-conspirators would harm her or her family, or ruin her life, if she came forward. (*Id.* ¶ 14.)

- Defendants are equitably estopped from asserting a statute of limitations defense. Allowing Defendants to do so would be unjust. [Decedent] and his co-conspirators intimidated each of his victims into silence by threatening their lives and their livelihoods, and therefore prevented Plaintiff from commencing this lawsuit before his death. By using threats, along with his wealth and power, [Decedent] was able to escape punishment for his crimes against countless young women and underage girls for the duration of his life. (*Id.* ¶ 15.)

None of these threadbare allegations rescues Plaintiff's claims from being time-barred.

## **ARGUMENT**

### I. **Plaintiff's Causes Of Action Expired In 2014 At The Latest**

Plaintiff claims she was sexually assaulted between 2002 and 2004 in New York, the USVI, Florida, New Mexico, and France. (Compl. ¶¶ 38, 50, 55.) Plaintiff asserts two causes of action based on these sexual assaults (battery and intentional infliction of emotional distress) and demands punitive damages. (*Id.* ¶¶ 54-64, p. 15.) CPLR § 202 provides that, when a non-New York resident such as Plaintiff sues on causes of action accruing outside New York, the complaint must be timely under the statute of limitations of both New York ***and*** the jurisdiction where the claim accrued.[3] Here, Plaintiff's claims are not timely under New York law or ***any*** of the jurisdictions where the alleged torts occurred and the Court must dismiss her claims.

New York. New York law applies a one-year limitations period to actions for assault and battery and a three-year limitations period to actions for personal injury. CPLR §§ 214(5), 215(3). Under either statute, Plaintiff's claims are untimely, as they expired in either 2005 or 2007.

---

[3] "In diversity cases in New York, federal courts apply … C.P.L.R. § 202." *Commerzbank AG v. Deutsche Bank Nat'l Tr. Co.*, 234 F. Supp. 3d 462, 467 (S.D.N.Y. 2017) (citation omitted).

USVI. Under USVI law, which is where Decedent's first sexual assault of Plaintiff allegedly occurred, the statute of limitations for battery actions is two years. 5 V.I.C. § 31(5)(A). Thus, under USVI law, Plaintiff's causes of action expired by 2006 at the latest.

Florida. Although the Complaint does not allege any specific acts that occurred in Florida (nor even that Plaintiff was ever in Florida), even if it did, these claims would be time-barred. Under Florida law, the statute of limitations for actions "for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort" is four years. Fla. Stat. § 95.11 (3)(O). Accordingly, under Florida law, Plaintiff's causes of action expired by 2008 at the latest.

New Mexico. Under New Mexico law, actions for "injury to a person" must be brought within three years. N.M. Stat. § 37-1-8. Thus, under New Mexico law, Plaintiff's claims expired in 2007 at the latest.

France. Under French law, the civil statute of limitations in the event of violence or sexual assault against an adult is 10 years. Art. 2226 (1) of the French Civil Code. Therefore, under French law, Plaintiff's claims expired in 2014 at the latest.

To avoid these statutes of limitations, Plaintiff argues in her response to the Co-Executors' pre-motion letter that she was a resident of New York at the time of the alleged torts and, accordingly, CPLR § 202 is inapplicable. (ECF No. 13 at pp. 2-3.) This argument is unavailing for at least two reasons.

First, even if Plaintiff is correct—and, as explained below, she is not—her claims are still untimely under the laws of each jurisdiction that could conceivably apply to her claims.

Second, Plaintiff fails to allege any facts in her Complaint plausibly establishing she was *ever* a resident of New York. To the contrary, the Complaint alleges that Plaintiff is a South African

citizen and resident (Compl ¶ 16); refers to only one specific visit to New York and that Plaintiff was "not there for long" (*id.* ¶ 42); and asserts that Decedent "forced [Plaintiff] to travel to the United States many times to see [Decedent] and be subjected to repeated sexual abuse for one to two weeks at a time, sometimes staying in his New York apartment" (*id.* ¶ 46).

As a matter of law, New York residency requires significantly more than an occasional visit there. Rather, Plaintiff must allege facts establishing that she intended to remain in New York with some degree of permanency.

In *Antone v. Gen. Motors Corp., Buick Motor Div.*, 64 N.Y.2d 20, 30, 484 N.Y.S.2d 514, 518-19, 473 N.E.2d 742, 746-47 (1984), which Plaintiff cites in her pre-motion response letter, the court found that "[c]ases defining 'resident' for purposes of venue under CPLR 503 are useful precedents (*see, e.g.*, *Siegfried v Siegfried*, 92 AD2d 916; *Hammerman v Louis Watch Co.*, 7 AD2d 817)." The courts in *Siegfried* and *Hammerman* found that, in order for a person to be deemed a resident of New York, "[s]he must stay there for some time and have the bona fide intent to retain the place as a residence for some length of time and with some degree of permanency." *Siegfried*, 92 A.D.2d 916, 916, 460 N.Y.S.2d 131, 133 (2nd Dept. 1983) (renting a room in Nassau County and party's statements regarding her intent to remain in Nassau County were insufficient to support a finding that she was a resident of Nassau County); *Hammerman v. Louis Watch Co.*, 7 A.D.2d 817, 818, 181 N.Y.S.2d 65, 67 (3rd Dept. 1958) ("Residence requires more stability than occasional stopovers at a hotel … and the mere fact that the plaintiffs rent premises on a year round basis where they sleep while there on business, in our view, does not establish a residence.").

Here, Plaintiff's allegations are insufficient to claim New York residency as a matter of law. Visiting New York "sometimes" over a two-year period hardly qualifies as evincing an intent to remain there with some degree of permanency. *See Siegfried*, 92 A.D.2d at 916.

## II. Plaintiff's Attempts To Invoke Extraordinary Statute Of Limitations Exceptions Fail

### A. CPLR § 215(8)(a) is inapplicable because the Indictment arises out of the alleged sex trafficking *of minors*, not adults such as Plaintiff.

Contrary to Plaintiff's contentions, CPLR § 215(8)(a) does not apply here. CPLR § 215(8)(a) provides: "Whenever it is shown that a criminal action against the same defendant has been commenced *with respect to the event or occurrence from which a claim governed by this section arises*, the plaintiff shall have at least one year from the termination of the criminal action … to commence the civil action." (Emphasis added).

Decedent's Indictment, which Plaintiff attaches to her Complaint, was not commenced with respect to Plaintiff. Rather, the Indictment alleges that Decedent sexually trafficked "*minor* girls" (Ex. A to Compl., ¶ 1 (emphasis added)), stating throughout that it concerns sex trafficking of "minors" (*id.* ¶¶ 2-4, 6, 8, 11-15, 18-20, 22). Because Plaintiff alleges she was between 20 and 22 years old when Decedent assaulted her (Compl. ¶¶ 1, 38, 50), this action and the Indictment necessarily arise from different events or occurrences.

New York courts apply CPLR § 215(8)(a) narrowly. *See Christodoulou v. Terdeman*, 262 A.D.2d 595, 596 (2d Dept. 1999) (CPLR § 215(8)(a) applied only to claims based on events of February 26, 1993 and December 28, 1993, because it was only in connection with events of those two days that a criminal prosecution was commenced against defendant); *Gallina v. Thatcher*, No. 2017-52980, 2018 N.Y. Misc. LEXIS 8435 (Sup. Ct. Dutchess Cnty. Oct. 23, 2018) (CPLR § 215(8)(a) inapplicable where incidents charged in criminal action and those alleged in civil action occurred on different dates); *McElligott v. City of N.Y.*, No. 15-cv-7107 (LGS), 2017 U.S. Dist. LEXIS 201829, at *13 (S.D.N.Y. Dec. 7, 2017) (CPLR § 215(8)(a) inapplicable to claims against civil defendants not charged as co-defendants in criminal action, notwithstanding same events gave rise to both actions).

*Gallina* is especially instructive. In that case, an individual sued an attorney for battery and other claims based on the core allegation that, over the course of two years, the attorney committed various sexual misconduct against the plaintiff, including sexual assault. 2018 N.Y. Misc. LEXIS 8435, at *1. Defendant had also been criminally charged with forceable touching for incidents that occurred with the plaintiff in 2017. *Id*. at *3. The court dismissed as time-barred plaintiff's battery counts based on incidents alleged to have occurred in 2016. *Id*. at *2-3.

In doing so, the court rejected plaintiff's argument that CPLR § 215(8)(a) applied to the 2016 incidents, finding:

> Plaintiff argues that the July and October 2016 incidents are part of the same ongoing course of events as the February, March and May 2017 incidents and should therefore be deemed timely commenced … the case law does not support Plaintiff's interpretation of … CPLR §215(8)(a). The criminal instruments … demonstrate that Defendant was charged for incidents occurring on three (3) specific dates … Pursuant to CPLR §215(8)(a), tolling would apply only to claims based on these dates, "because it was only in connection with the events of these [three] days that a criminal prosecution was commenced against the defendant." *Christodoulou v. Terdeman*, 262 AD2d 595, 596 [2d Dept. 1999]. As criminal charges were not commenced with respect to the July 2016 and October 2016 events, the tolling provisions of CPLR §215(8) do not apply.

*Id*. at *3-4. Here, Plaintiff asserts a much more tenuous connection between this action and the Indictment than the one unsuccessfully asserted by the plaintiff in *Gallina* (and the other cited cases). Therefore, the Court should reject Plaintiff's argument for the application of CPLR § 215(8)(a).

In Plaintiff's response to the Co-Executors' pre-motion letter, Plaintiff asserts three arguments for application of CPLR § 215(8)(a). <u>First</u>, Plaintiff argues that CPLR § 215(8)(a) does not require the Indictment to expressly identify Plaintiff as one of Decedent's victims. This is a strawman argument: no one argues otherwise.

Plaintiff cites *Clemens v. Nealon*, 202 A.D.2d 747, 749 (N.Y. App. Div. 1994), for this assertion, stating that CPLR § 215(8)(a) "does *not* require that the plaintiff be 'the victim or the specific person upon whom the crime had been committed.'" (ECF No. 13 at p. 1, quoting *Clemens*, 202 A.D.2d at 749, emphasis in letter). This characterization of *Clemens* is misleading. In *Clemens*, defendants were charged with criminal mischief resulting to damage to two boats. *Id.* at 748. The six plaintiffs in *Clemens* were aboard the two boats and sued to recover damages for assault and battery, infliction of emotional distress, and false imprisonment. *Id.* Defendant asserted that CPLR § 215(8) did not apply because the victims of the crimes were the owners of the two damaged boats—not the plaintiffs who were on the boats. *Id.* at 749. The court disagreed, reading the plain language of CPLR § 215(8), expressly requiring that the action arise out of the same "event or occurrence." *Id.* Thus, *Clemens* does **not** alter the requirement that Plaintiff must show she was a victim of the same "event or occurrence" on which the Indictment is based; she has not and cannot. The Indictment could not be clearer: it concerns ***sex trafficking of minors***. Plaintiff does not allege she was a minor when Decedent sexually assaulted her.

<u>Second</u>, Plaintiff urges a broad construction of CPLR § 215(8)(a) that effectively rewrites it by rendering the limitation therein—"***with respect to the event or occurrence from which a claim governed by this section arises***"—meaningless. Plaintiff effectively argues that, unless the Indictment expressly rules out that it arises from the same event as this action, then Plaintiff is entitled to invoke CPLR § 215(8)(a). That argument is contrary to basic principles of statutory interpretation prohibiting a reading of a statute that would render its words meaningless (*see* McKinney's Cons. Laws of NY, Book 1, Statutes § 92), the case law cited above, a plain reading of the Indictment, and common sense.

Plaintiff cites *Kashef v. BNP Paribas S.A.*, 925 F.3d 53 (2d Cir. 2019), in support of her erroneous argument. However, *Kashef* is factually distinguishable. The civil and criminal actions in that case both arose out of the same conspiracy between BNP and Sudan to violate U.S. sanctions. *Id.* at 63. Here, Plaintiff's allegations—that she traveled as an adult to visit Decedent in various places where he sexually assaulted her—do not comport with what is set forth repeatedly in the Indictment—namely, an alleged scheme to ***traffic minors***.

Acknowledging this critical defect, Plaintiff argues in her pre-motion response letter that the Indictment applies to trafficking of adults as well as minors, but deliberately misquotes the Indictment. According to Plaintiff:

> The charges were not limited to crimes committed against specific victims. For example, the overt acts alleged for the sex trafficking conspiracy charge were enticing and recruiting ***multiple victims***, "including minor victims identified herein."

(ECF No. 13 at p. 1, citing Indictment (emphasis added).) However, this quote, and the argument relying on it, is disingenuous. The cited portion of the Indictment ***actually*** states:

> "In or about 2004, Jefferey Epstein, the defendant, enticed and recruited ***multiple minor victims***, including minor victims identified herein…."

(Ex. A to Compl. ¶ 22(a) (emphasis added).) In other words, Plaintiff removed the word "minor" from the first part of the sentence to make it appear as though the latter reference to "minor victims" identified merely a subset of the former "multiple victims." Plaintiff's alteration of the text and meaning of the Indictment indicates she is aware she has a losing argument. While Plaintiff may claim she, too, is a victim of Decedent, she is ***not*** a victim by reason of the events giving rise to the Indictment.

## B.     CPLR § 213-c is inapplicable because it is not retroactive.

Plaintiff also attempts to plead around the applicable statutes of limitations by erroneously invoking CPLR § 213-c, which currently provides for a twenty-year limitation period for certain

sexual offenses. However, the twenty-year limitation set forth in CPLR § 213-c became effective September 18, 2019, and is thus inapplicable here. (The statute of limitations was five years as of 2006 and one year before then. L. 2006, ch. 3, § 5(b)). The twenty-year statute of limitations does not apply retroactively except "***where the applicable [statute of limitations] in effect on the date of such act or omission has not yet expired***." L. 2019, ch. 315, § 4 (emphasis added). That is not the case here. Therefore, CPLR § 213-c cannot revive Plaintiff's claims arising from torts committed in New York.

In her pre-motion letter, Plaintiff contends—without legal authority and in complete disregard of what the enacting bill for CPLR § 213-c states very clearly—that CPLR § 213-c applies retroactively because CPLR § 213-c itself does not expressly state otherwise. This is wrong. Plaintiff provides no reason to disregard what the law amending CPLR § 213-c actually states, as quoted above.

Plaintiff also has it backwards. Under New York law, "[i]t takes a clear expression of the legislative purpose … to justify a retroactive application of a statute which assures that [the legislative body] itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits." *Matter of Regina Metro. Co., LLC v. N.Y. State Div. of Hous. & Cmty. Renewal*, 2020 NY Slip Op 02127, ¶ 12 (citing *Gleason v. Gleason*, 26 NY2d 28, 36, 256 N.E.2d 513, 308 N.Y.S.2d 347 (1970) (internal quotation marks and citation omitted). The rules for determining whether a statute is to be applied retroactively are contained in McKinney's Consolidated Laws of NY, Book 1, Statutes § 51 *et seq. See Gleason v. Holman Contract Warehousing*, 170 Misc. 2d 668, 649 N.Y.S.2d 647, 677 (Sup. Ct. 1996). McKinney's states:

> Generally, statutes are construed as prospective, unless the language of the statute, either expressly or by necessary implication, requires that it be given a retroactive

construction. … Stated differently, a construction of a statute which will give it a retroactive operation is not favored by the courts, but on the contrary, the laws [*sic*] favors a prospective interpretation wherever possible. It is well settled also that a statute will not be given a retroactive construction unless an intention to make it retroactive is to be deduced from its wording, and a law will not receive a retroactive construction unless its language, either expressly or by necessary implication, requires that it be so construed. A clear expression of the legislative purpose is required to justify a retrospective application.…

*Gleason*, 649 N.Y.S.2d at 677-678.

Here, there is no "clear expression" that the New York State legislature intended CPLR § 213-c to be applied retroactively. Rather, the legislature expressly stated the opposite. *See* L. 2019, ch. 315, § 4.

By contrast, the recently-enacted New York Child Victim's Act, a revival statute that provides a one-year window in which to bring claims of sexual abuse ***of minors*** that had previously expired, expressly states it "revive[s]" claims that are "barred as of the effective date of this section because the applicable period of limitation has expired." CPLR § 214-g. This confirms the New York State Legislature is quite capable of indicating when a limitations period should be applied retroactively. Because the Legislature did not do that for CPLR § 213-c—it did the opposite— Plaintiff's claim cannot succeed.

### C. Plaintiff fails to meet her burden to allege "extraordinary" circumstances sufficient to justify tolling or equitable estoppel.

Plaintiff fails to meet her burden to allege extraordinary circumstances sufficient to justify tolling or equitable estoppel ***including on the pleadings***. "Second Circuit cases discussing equitable tolling set a stringent standard for its application." *Fairley v. Collins*, No. 09-Civ-6894 (PGG), 2011 U.S. Dist. LEXIS 26536, at *16 (Mar. 15, 2011 S.D.N.Y.) (Gardephe, J.) (finding equitable tolling did not apply ***and granting defendants' Fed. R. Civ. P. 12(b)(6) motion*** to dismiss complaint on statute of limitations grounds). Equitable tolling only applies where a plaintiff is "prevented in some ***extraordinary way*** from exercising h[er] rights." *Viti v. Guardian*

*Life Ins. Co. of Am.*, No. 10-cv-2908 (ALC) (MHD), 2012 U.S. Dist. LEXIS 189633, at \*30 (S.D.N.Y. Oct. 5, 2012), *adopted by*, 2013 U.S. Dist. LEXIS 174145 (S.D.N.Y. Dec. 11, 2013) (emphasis added) (citing *Smith v. N.Y.C. Dep't of Corr.*, No. 09-civ-7639, 2010 U.S. Dist. LEXIS 137152, at \*2 (S.D.N.Y. 2010); *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996)).

Under this doctrine, a court may, only "under **compelling circumstances**, make **narrow exceptions** to the statute of limitations … 'to prevent inequity.'" *Id*. (emphasis added) (citing *Yesh Diamonds, Inc. v. Yashaya*, No. 09-CV-2016 (DLI) (RER), 2010 U.S. Dist. LEXIS 101744, at \*2 (E.D.N.Y. Sept. 27, 2010); *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003)). "That the doctrine is to be employed only sparingly—in '**extraordinary**' and '**compelling**' circumstances—is reflected in the fact that the **plaintiff bears the burden of persuasion to show that tolling is justified**." *Id*. (emphasis added) (citing *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)). A late-filing party seeking equitable tolling must also demonstrate she acted with "reasonable diligence" in pursuing her claims during the period she seeks to toll. *Id*. at \*32 (citation omitted).

Equitable estoppel only applies where a plaintiff knows her cause of action exists, but the defendant's conduct caused her to delay bringing suit. *See Yesh Diamonds*, 2010 U.S. Dist. LEXIS 101744, at \*5 (citing *Cerbone v. Int'l Ladies' Garment Workers' Union*, 768 F.2d 45, 50 (2d Cir. 1985)). "The rationale behind this equitable doctrine is to protect the person who brings their action after it would normally be barred because she was 'lulled' into believing that she should delay pursuing her cause of action." *Id*. (quoting *In re Higgins*, 270 B.R. 147, 158 (Bankr. S.D.N.Y. 2001)). Equitable estoppel requires a plaintiff to show: "(i) the defendant made a definite misrepresentation of fact and had reason to believe that the plaintiff would rely on it; and (ii) the plaintiff reasonably relied on that misrepresentation to h[er] detriment." *Id*. (citation omitted).

Tolling is inappropriate where, as here, a plaintiff fails to articulate any acts by a defendant that prevented the plaintiff from timely commencing suit. *See id.* at *6.

Here, Plaintiff does not allege ***any*** particularized acts by Decedent that prevented her from exercising her rights. (Compl. ¶¶ 14-15.) Nor does Plaintiff allege that (i) Decedent made a misrepresentation to her and had reason to believe she would rely on it, or (ii) Plaintiff reasonably relied on it to her detriment. Therefore, there is no "extraordinary" basis alleged sufficient to toll the statute of limitations or estop the Co-Executors from asserting a statute of limitations defense.

Plaintiff asserts in her pre-motion response letter that "the Complaint alleges in detail the methods of intimidation and control that [Decedent] and his co-conspirators used to deter their victims from seeking justice." (ECF No. 13 at 3.) This is false. Rather, the complaint merely alleges—in two conclusory paragraphs identical to paragraphs included in other plaintiff's complaints represented by the same counsel—that Decedent threatened and intimidated "his many victims, including Plaintiff." (Compl. ¶¶ 14-15.) The remaining claims, even as retold by Plaintiff in her letter, do not allege any conduct by Decedent beyond "tr[ying] to keep in contact with Plaintiff after the abuse ended." (ECF. No. 13 at p. 3, citing Compl. ¶ 51.) The allegations Plaintiff points to as demonstrating intimidation merely describe Plaintiff's unextraordinary state of mind: Plaintiff was "afraid of betraying [Decedent] because of his money and power" (*id.*, citing ¶ 47); Plaintiff was "afraid [Decedent] would hurt her or her family" (*id.*). There are no allegations explaining that Decedent did anything to impede Plaintiff from bringing this lawsuit ***for some fifteen years***.

Plaintiff's assertion that such thin allegations are "extraordinary" is inconsistent with numerous court decisions in which far stronger allegations were deemed insufficient to justify equitable estoppel or tolling. *See*, *e.g.*, *Conklin v. Maidenbaum*, No. 12-cv-3606, 2013 U.S. Dist.

LEXIS 113975, at *27 (S.D.N.Y. Aug. 13, 2013) (Ramos, J.) (finding equitable tolling inapplicable and dismissing complaint, notwithstanding that plaintiffs alleged they reasonably relied on defendants' representations over a period spanning more than ten months and dozens of telephone calls).

Plaintiff alternatively argues in her pre-motion response letter that her entitlement to equitable estoppel and tolling are "fact-specific doctrines" and thus should be resolved after discovery. (ECF No. 13 at 3.) Plaintiff misunderstands New York law and understates the deficiencies in her own Complaint. Where, as here, a plaintiff fails to allege facts that support invocation of an exception to the statute of limitations, there is no issue of fact sufficient to defeat a motion to dismiss on statute of limitations grounds:

> ***If*** properly pled, allegations of equitable estoppel normally create questions of fact which cannot be determined at a motion to dismiss … ***However****, without adequate pleading, the issue is not properly raised and therefore cannot defeat a motion to dismiss based on statute of limitations grounds.* See Dep't of Econ. Dev. v. Arthur Andersen & Co., 747 F. Supp. 922, 943 (S.D.N.Y. 1990) (dismissing cause of action because plaintiff made no allegation in complaint that "its failure to timely institute its third-party action was due to its justified reliance upon a misrepresentation" by opposing party); Moll v. U.S. Life Title Ins. Co. of N.Y., 700 F. Supp. 1284, 1293 (S.D.N.Y. 1988) ("Plaintiffs have not alleged that defendant caused them to delay in bringing suit on a known cause of action. On the contrary, plaintiffs repeatedly emphasize that they did not discover the alleged … violations until long after the limitations period had expired. Equitable estoppel is therefore not appropriate in this case.").

*Abercrombie v. College*, 438 F. Supp. 2d 243 (S.D.N.Y. 2006) (emphasis added).

Here, as in *Abercrombie*, "Plaintiff has failed to allege any facts that would support invocation of the equitable estoppel doctrine. First, Plaintiff does not identify the misrepresentations or other facts demonstrating fraudulent concealment that could serve as the basis for the claimed equitable estoppel. More particularly, Plaintiff has utterly failed to identify in the Complaint which statements led her to believe that she could delay bringing her lawsuit."

*Id*. at 266. Nor does Plaintiff allege facts that would support invocation of equitable tolling. These are pleading deficiencies, not questions of fact.

**III.    Plaintiff's Claim For Punitive Damages Are Barred As A Matter Of Law**

Plaintiff's claim for punitive damages fails as a matter of law because it is barred by the law of each potentially applicable jurisdiction. When determining what law applies, courts look to the choice-of-law rules of the forum state. *Simons v. Marriott Corp.*, 92 Civ. 3762 (SWK), 1993 U.S. Dist. LEXIS 14365, at *15 (S.D.N.Y. Oct. 12, 1993). Under New York law, the law of the state where a tort occurs generally applies to punitive damages. *See Starr Indem. & Liab. Co. v. Am. Claims Mgmt.*, No. 14-cv-0463-JMF, 2015 U.S. Dist. LEXIS 60272, *7 (S.D.N.Y. May 7, 2015) ("Because punitive damages are conduct-regulating, 'the law of the jurisdiction where the tort occurred will generally apply.'" (quoting *Deutsch v. Novartis Pharms. Corp.*, 723 F. Supp. 2d 521, 524 (E.D.N.Y. 2010)); *Guidi v. Inter-Continental Hotels Corp.*, No. 95-CV-9006 (LAP), 2003 U.S. Dist. LEXIS 6390, at *1 (S.D.N.Y. Apr. 16, 2003)).

Here, Plaintiff alleges tortious conduct occurring in New York, Florida, New Mexico, the USVI, and France. (Compl. ¶¶ 25, 55.)  ***None*** of these jurisdictions permits recovery of punitive damages against a deceased tortfeasor's estate. That is the law in most jurisdictions, as reflected in the Restatement. *See* Restat. (Second) Of Torts § 908 cmt. a (punitive damages not available against representatives of deceased tortfeasor). Each of these jurisdictions is addressed below in turn.

New York: New York Estates, Powers and Trusts Law provides: "No cause of action for injury to person or property is lost because of the death of the person liable for the injury. For any injury, an action may be brought or continued against the personal representative of the decedent, ***but punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injury***." NY EPTL § 11-3.2 (a)(1) (emphasis added). "Also,

'there is a strong policy against the assessment of punitive damages against an estate on account of wrongful conduct of the decedent.'" *Graham v. Henderson*, 224 F.R.D. 59, 63 (N.D.N.Y. 2004) (quoting *Blissett v. Eisensmidt*, 940 F. Supp. 449, 457 (N.D.N.Y. 1996)).

New York General Construction Law § 37-a defines "personal injury" as including "an assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff, or of another." Here, Plaintiff seeks to recover damages for her alleged personal injuries. Accordingly, Plaintiff may not recover punitive damages from Decedent's estate based on alleged torts that occurred in New York.

Florida: The result is the same under Florida law. "Florida law prohibits recovery of punitive damages from the estate of a wrongdoer who is deceased." *Poindexter v. Zacharzewski*, No. 18-14155-CIV, 2018 U.S. Dist. LEXIS 189861, at *6 (Nov. 5, 2018 S.D. Fla.) (citing *Lohr v. Byrd*, 522 So. 2d 845 (Fla. 1988) ("[A] decedent's innocent heirs should not be punished when the wrongdoer is unavailable because of death. In so holding, we join the majority of jurisdictions in this country that have considered this issue.")).

New Mexico: Likewise, the Supreme Court of New Mexico has unequivocally held that "punishment and deterrence are not accomplished by enabling recovery of punitive damages from the estate of deceased tortfeasors." *Jaramillo v. Providence Wash. Ins. Co.*, 117 N.M. 337, 346 (N.M. 1994). Accordingly, Plaintiff cannot recover punitive damages under New Mexico law.

France: Plaintiff's claim for punitive damages against a tortfeasor's estate is barred under French law because France prohibits punitive damages altogether. *See, e.g.*, *In re Air Crash at Belle Harbor*, No. 02 MDL 1448 (RWS), 2008 U.S. Dist. LEXIS 109247, at *23-25 (S.D.N.Y. Mar. 10, 2008) ("Unlike many jurisdictions in the United States, including New York, France prohibits punitive damages claims as they are known in the United States. … Instead of employing

punitive damages as a mechanism for punishing and deterring potentially harmful conduct, France has instead deemed liability for compensatory damages in conjunction with penal liability (where appropriate) to be a sufficient deterrent.") (internal citations and quotation marks omitted); 2 Linda L. Schlueter, *Punitive Damages* § 22.4 (7th ed. 2015) (citing Rouhette, *The Availability of Punitive Damages in Europe: Growing Trend or Nonexistent Concept*, 74 Def. Coun. J. 320 (2007)).

USVI: USVI courts apply a "*Banks* analysis" to determine U.S.V.I. common law. *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 979 (V.I. 2011). The *Banks* analysis includes consideration of three factors: (1) whether any USVI courts have previously adopted a particular rule; (2) the position taken by a majority of courts of other jurisdictions; and (3) most importantly, which approach represents the soundest rule for the USVI. *Gov't of Virgin Islands v. Connor*, No. S. CT. CIV. 2013-0095, 2014 WL 702639, at *1 (V.I. Feb. 24, 2014). Applying the *Banks* factors here demonstrates that USVI courts would adopt the rule in the Restatement (Second) of Torts—which is also followed in the majority of United States jurisdictions, including New York—and hold that punitive damages are not available against a deceased tortfeasor's estate. These factors are analyzed below.

A. ***Banks* factor one: previously, USVI courts favorably cited the Restatement section that precludes punitive damages against estates.**

USVI courts have favorably recited the Restatement's rule precluding punitive damages against a decedent tortfeasor's estate. *See, e.g.*, *Hamilton v. Dowson Holding Co.*, 51 V.I. 619, 628 (D.V.I. 2009); *Booth v. Bowen*, No. CIV. 2006-217, 2008 WL 220067, at *5 (D.V.I. Jan. 10, 2008). In these cases, the U.S. District Court for the Virgin Islands considered the inverse of the issue here, *i.e.*, whether the personal representatives of an estate may obtain punitive damages in an action arising from the decedent's wrongful death. In determining that punitive damages were not available under such circumstances, the courts cited the Restatement, which provides that

"[p]unitive damages are not awarded against the representatives of a deceased tortfeasor nor, ordinarily, in an action under a death statute." Restat. (Second) of Torts § 908 cmt. a (emphasis added). Accordingly, this *Banks* factor favors the Co-Executors.

**B.      *Banks* factor two: a majority of U.S. jurisdictions do not permit an award of punitive damages based on the wrongful acts of a decedent.**

This *Banks* factor overwhelmingly supports the Co-Executors' position. The majority of U.S. jurisdictions do not permit an award of punitive damages against the personal representatives of an estate based on the actions of the deceased tortfeasor. *See, e.g.*, *Crabtree v. Estate of Crabtree*, 837 N.E.2d 135, 138 (Ind. 2005) ("The majority view denies punitive damages."); 2 Linda L. Schlueter, *Punitive Damages* § 20.4 (7th ed. 2015) ("[A] majority of jurisdictions will not award punitive damages against a deceased tortfeasor's estate." (citing Alec A. Beech, *Adding Insult to Death: Why Punitive Damages Should Not Be Imposed Against a Deceased Tortfeasor's Estate in Ohio*, 49 Akron L. Rev. 553 (2016))); Timothy R. Robicheaux and Brian H. Bornstein, *Punished, Dead Or Alive: Empirical Perspectives on Awarding Punitive Damages Against Deceased Defendants*, 16 Psych. Pub. Pol. and L. 393, 398 (2010) ("The Restatement (Second) of Torts (1965) is one authority stating that punitive damages should not follow the death of a wrongdoer, and the majority of courts considering the issue have provided rulings consistent with this position.").

**C.      *Banks* factor three: Post-*Banks*, USVI courts have favorably applied Restatement Section 908 to questions regarding punitive damages.**

The third *Banks* factor weighs strongly in favor of the Co-Executors as well. Post-*Banks*, USVI courts have found that Section 908 of the Restatement is "the soundest rule for the Virgin Islands with respect to the imposition of an award of punitive damages." *Pappas v. Hotel on the Cay Time-Sharing Ass'n*, 69 V.I. 3, 15 n.8 (U.S.V.I. Super. Ct. 2015) (citing *Davis v. Christian*, 46 V.I. 557 (D.V.I. App. Div. 2005), *Isaac v. Crichlow*, 63 V.I. 38, 2015 V.I. LEXIS 15 (V.I.

Super. Ct. 2015), *St. Thomas House, Inc. v. Barrows*, 15 V.I. 435 (V.I. Terr. Ct. 1979), *Brandy v. Flamboyant Inv. Co., Ltd.*, 24 V.I. 249 (V.I. Terr. Ct. 1989), and *Thomas v. Rijos*, 780 F. Supp. 2d 376, 380 (D.V.I. 2011)); *Powell v. Chi-Co's Distrib.*, No. ST-13-TOR-14, 2014 V.I. LEXIS 21, at *5 n.13 (U.S.V.I. Super. Ct. Apr. 3, 2014) ("Applying a *Banks* analysis, the Court finds that Restatement (Second) of Torts § 908(2) reflects the common law of this jurisdiction."). There is no reason to think the USVI courts would adhere to one portion of Section 908 and not another.

Because every *Banks* factor favors the Co-Executors' position, to the extent USVI law applies to the alleged tortious conduct that occurred there, Plaintiff cannot recover an award of punitive damages against the Co-Executors. Therefore, even if any of Plaintiff's claims survive, regardless of which state's law applies here, the Court must dismiss her claim for punitive damages in its entirety.

Finally, Plaintiff does not contend that her punitive damages claims are proper. Rather, in her pre-motion response letter, she asks the Court to delay ruling on the issue of punitive damages until after discovery. (ECF No. 13 at 3.) As there are no facts that would render Plaintiff's punitive damages claim proper, there is no reason to allow it to stand. Not surprisingly, courts in this District regularly grant motions to dismiss claims for punitive damages. *See, e.g.*, *The Cookware Co. (USA), LLC v. Austin*, No. 15 Civ. 5796, 2016 U.S. Dist. LEXIS 177691, at *17 (S.D.N.Y. Dec. 8, 2016) (Batts, J.) (granting motion to dismiss claim for punitive damages without leave to replead because allegations regarding defendant's bad-faith conduct were conclusory and did not rise to the required level of malice); *SJB v. N.Y.C. Dep't of Educ.*, No. 03 Civ. 6653, 2004 U.S. Dist. LEXIS 13227, at *25-26 (S.D.N.Y. July 14, 2004) (Buchwald, J.) (granting motion to dismiss punitive damages claims because they were not statutorily available); *Kunica v. St. Jean Fin.*, 97 Civ. 3804, 1998 U.S. Dist. LEXIS 11867, at *26 (S.D.N.Y. July 29, 1998) (Sweet, J.) (granting

motion to dismiss claim for punitive damages because, even if conduct alleged in complaint was true, it did not rise to the level necessary to award punitive damages); *Purdy v. Consumers Distrib. Co.*, 648 F. Supp. 980, 981, 984 (S.D.N.Y. 1986) (Cedarbaum, J.) (granting motion to dismiss claim for punitive damages).

Plaintiff merely seeks to delay the inevitable so she may use the prospect of punitive damages—despite the legal prohibition on their availability here—as (misplaced) leverage over the Co-Executors. This would serve no legitimate purpose. It would also impede productive settlement discussions. Like the punitive damages claims in the cases cited above, Plaintiff's punitive damages claim should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Co-Executors respectfully request that the Court grant their motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because it is time-barred and Plaintiff's claim for punitive damages because it is prohibited by statute.

Dated: New York, New York
      April 14, 2020

Respectfully submitted,

TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY 10022
212.704.6000

By:*/s/ Bennet J. Moskowitz*
    Bennet J. Moskowitz

*Attorneys for Defendants*