# Exhibit B



Telephone: (954) 356-0011
Email: smccawley@bsfllp.com

January 28, 2020

**VIA ELECTRONIC MAIL**

Bennet J. Moskowitz
875 Third Avenue
New York, New York 10022

    Re:    **Document Preservation Notice**
*Maria Farmer v. Darren K. Indyke and Richard D. Kahn*, 19-10474;
*Annie Farmer v. Darren K. Indyke, Richard D. Kahn, and Ghislaine Maxwell*, 19-10475;
*Teresa Helm v. Darren K. Indyke and Richard D. Kahn*, 19-10476;
*Juliette Bryant v. Darren K. Indyke and Richard D. Kahn*, 19-10479;
*Jane Doe 1000 v. Darren K. Indyke and Richard D. Kahn*, 19-10577;

Dear Mr. Moskowitz:

    This is a document preservation notice issued in connection with the above-captioned civil actions. Please read this notice carefully and take all steps necessary to preserve all documents that might be relevant to this dispute. You should take affirmative steps to suspend any automated deletion. The documents covered by this notice are potentially subject to discovery and production in the above-captioned litigation and will be needed as evidence and/or to enable us to prepare fully to take your clients' sworn testimony in a deposition and/or at a trial

    Pursuant to Federal Rule of Civil Procedure 26, you were required to identify "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." In your Initial Disclosures for Annie Farmer, Teresa Helm, and Juliette Bryant, however, you stated that "[a]t present, the Co-Executors are not aware of any such documents, electronically stored information, and tangible things." I assume that you mean that you are not aware that any "documents, electronically stored information, [or] tangible things" that would be supportive of your clients' defenses. If instead you are taking the position that your clients do not have possession, custody, or control over Mr. Epstein's documents (including his electronically stored information), please state so in your reply so that we may bring that to the Court's attention immediately.

    At the November 21, 2019, conference Judge Freeman stated: "Counsel should know what their obligations are and those obligations are pretty clear under the law and counsel should take them seriously. If you do not preserve evidence that should be preserved that you had a reason to believe was relevant to claims or defense in the case and that you didn't take steps to preserve, there can be negative consequences down the road." Nov. 21, 2019, Hearing Tr. at 33:4-10. The Court instructed that your preservation efforts should be "broad enough" to documents located at Mr. Epstein's "multiple residences in multiple countries across the world."



Bennet J. Moskowitz
January 28, 2020
P a g e | **2**

   Effective immediately, you should ensure that your clients preserve all documents, whether they exist electronically or in paper files.  This includes documents that presently exist, or that are created in the future, in your clients' possession, custody or control, including in common files maintained for your clients.

### **Subject Matter**

Preserve **all documents** that refer to, relate to, mention, or discuss the allegations in Plaintiffs' complaints, including but not limited to any concerning the following subjects and found in the following repositories:

1. The allegations in the Complaints filed in the above referenced matters;
2. The Plaintiffs;
3. Mr. Epstein's sex-trafficking conspiracy;
4. Visitors and/or passengers at any of Mr. Epstein's multiple residences or aircraft where the sex trafficking occurred;
5. Communications between Mr. Epstein and his co-conspirators;
6. Communications between Mr. Epstein and his employees;
7. Communications between Mr. Epstein and any government official regardless of country;
8. Mr. Epstein's flight logs and helicopter logs;
9. Video tapes and photographs taken at Mr. Epstein's properties or on his planes;
10. Financial records;
11. Mr. Epstein's message pads and any phone call logs or phone/contact directories;
12. Amazon.com account details, including order history;
13. Electronic files Mark Lumberg managed on behalf of Mr. Epstein;
14. Mr. Epstein's email accounts, including but not limited to:
    a. "jeffreye@mindspring.com";
    b. "jeeproject@yahoo.com";
    c. "jeevacation@gmail.com";
    d. "zorroranch@aol.com"; and
    e. "epsteinj@wanadoo.fr";
15. Email accounts under the following domains: @Mindspring.com; @earthlink.net; including those used by:
    a. Ghislaine Maxwell;
    b. Dana Burns;
    c. Cecilia Steen; and
    d. Sarah Kellen;



Bennet J. Moskowitz
January 28, 2020
P a g e | **3**

    16.    Email accounts for "Cecilia Steen" that Mr. Epstein controlled, including "cecilia@ellmax.com" and "cecilia.steen@gmail.com".

Please construe this notice as broadly as possible and carefully read the following descriptions.

**The definition of "document" is not limited to paper files.** A document is literally any kind of record, whether stored electronically or in paper form, whether useful to you or not. *See* S.D.N.Y. Local Civil Rule 26.3 ("Uniform Definitions in Discovery Requests"). A document is any object in your possession that relates to the subject matter identified in this notice, including:

- Email. All of your clients' emails relating to the subject matter, both internal and external, whether in electronic or paper form; this includes anything created or stored on a wireless device or smart phone.
- Computer Files. All other electronic records relating to the subject matter, including but not limited to documents created using Microsoft Office (Word, PowerPoint, Excel, Access, and Visio, for example), and stored anywhere; this includes files stored on your clients' computers, in shared or network drives, home computers, hard disks, CDs, DVDs, flash drives, or anywhere else.
- Video and Audio. Microfilm, audio and video or other visual records, including voice mail, video tapes, DVDs, digital photographs, etc.
- Paper Documents. All paper records—presentations, notes, calendars, day planners, logs, lists, agendas, correspondence, photographs, facsimiles, data or other computer printouts and the like.
- Text Messages. All text or SMS messages, messages sent via WhatsApp or other messaging services.

Please ensure that any of your clients' agents, such as administrative assistants, who may have access to or know of records covered by this notice, are also made aware of the obligation to preserve such material. Please confirm in writing by February 3, 2020, that your clients have preserved and will continue to preserve all documents and communications described above, and all other materials relevant or potentially relevant to the subject matter of the cases.

    Sincerely,

    */s/ Sigrid S. McCawley*
    Sigrid S. McCawley, Esq.