# Exhibit C

Troutman Sanders LLP
875 Third Avenue
New York, New York  10022



troutman.com

---

**Bennet J. Moskowitz**
bennet.moskowitz@troutman.com

February 3, 2020

**E-MAIL**

Sigrid S. McCawley, Esq.
Boies Schiller Flexner LLP
401 East Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL  33301

**Re:    *Teresa Helm*, 19-cv-10476; *Juliette Bryant*, 19-cv-10479; *Annie Farmer*, 19-cv-
        10475; *Maria Farmer*, 19-cv-10474; *Jane Doe 1000*, 19-cv-10577**

Dear Ms. McCawley:

As you know, we represent Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of
the Estate of Jeffrey E. Epstein (together, the "Co-Executors"), in the above-referenced actions
(the "Actions").  We are writing in response to your letter dated January 28, 2020.

You state: "If … you are taking the position that your clients do not have possession, custody, or
control over Mr. Epstein's documents (including his electronically stored information), please
state so in your reply so that we may bring that to the Court's attention immediately."  We have
never taken that position.  Accordingly, there is nothing to raise with the Court.

Separately, we confirm that our clients are abiding by all of their discovery obligations including
preservation obligations.  However, your list of subject matters is inappropriate because it is
argumentative, assumes many unproven facts not in evidence and is overly broad.[1] Your
interpretation of Local Rule 26.3 is likewise inappropriate; we defer to the rule itself.

Very truly yours,


**Bennet J. Moskowitz**
Bennet J. Moskowitz

---

[1]It bears mentioning that counsel in another action against the Co-Executors previously attempted to
extract positions from us concerning a similar list and, failing that, to obtain relief from Magistrate
Freeman.  Such counsel obtained no such relief.  Nor was any relief necessary given our identical
representation in that action that our clients are abiding by their preservation obligations.