# Exhibit D

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JULIETTE BRYANT,

*Plaintiff*,

v.

DARREN K. INDYKE and RICHARD D. KAHN
in their capacities as the executors of the ESTATE
OF JEFFREY EDWARD EPSTEIN,

*Defendants*.

Case No. 1:19-cv-10479-ALC-DCF

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF JULIETTE BRYANT'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Defendants Darren K. Indyke and Richard D. Kahn, as co-executors of the estate of Jeffrey E. Epstein (the "Co-Executors"), by their attorneys, pursuant to Federal Rules of Civil Procedure 26 and 33, provide the following responses to Plaintiff Juliette Bryant's ("Plaintiff") First Set of Interrogatories to Defendants (the "Interrogatories").

## RESERVATION OF RIGHTS

These responses are made solely for the purpose of and in relation to discovery in the above-captioned action. The Co-Executors submit these responses subject to, and without intending to waive, and expressly preserving: (i) any objections as to relevancy, materiality, competency, privilege and admissibility of any documents and information produced in discovery, including without limitation herein; and (ii) the right to object to any other discovery requests. The Co-Executors reserve their right to amend these responses if and when appropriate. Further, these responses are neither an admission nor acceptance of any alleged facts, including without limitation those stated in the Interrogatories.

## SPECIFIC OBJECTIONS TO DEFINITIONS

The Co-Executors object to Plaintiff's definition of the term "Jeffrey Epstein" or "Epstein" on the grounds that, insofar as it includes "any entities owned or controlled by Jeffrey Epstein, any employee, agent, attorney, consultant, or representative of Jeffrey Epstein," it is overbroad, unduly burdensome, vague and ambiguous. The Co-Executors will interpret "Jeffrey Epstein" or "Epstein" as Jeffrey E. Epstein.

The Co-Executors also object to Plaintiff's definition of the term "Ghislaine Maxwell" or "Maxwell" on the grounds that, insofar as it includes "any entities owned or controlled by Ghislaine Maxwell, any employee, agent, attorney, consultant, or representative of Ghislaine Maxwell," it is overbroad, unduly burdensome, vague and ambiguous. The Co-Executors will interpret "Ghislaine Maxwell" or "Maxwell" as Ghislaine Maxwell.

The Co-Executors also object to Plaintiff's definition of the term "Massage" on the grounds that it is more expansive than the common use of the term and is inconsistent with the term's usage in the Complaint.

## SPECIFIC OBJECTIONS TO INSTRUCTIONS

The Co-Executors object to the time period stated in the Instructions, which is inconsistent with the time frame alleged in the Complaint. Unless otherwise indicated, the Co-Executors will confine their searches to the time periods at issue in Plaintiff's Complaint.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1

List the names and addresses of all persons who are believed or known by You, Your agents, or Your attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

**RESPONSE:**

The Co-Executors object to Interrogatory No. 1 on the grounds and to the extent that it calls for the production of information protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors also object to Interrogatory No. 1 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. Subject to and without waiving the foregoing objection, the Co-Executors identify the following individual who may have knowledge concerning the issues in this lawsuit: Plaintiff. The Co-Executors will supplement this response if any additional responsive information is ascertained.

**INTERROGATORY NO. 2**

Identify all email accounts used by Epstein or any of his employees or agents on his behalf.

**RESPONSE:**

The Co-Executors object to Interrogatory No. 2 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors further object to this Interrogatory on the grounds it seeks "discovery about discovery," which would result in unnecessary expense. Such matters are more appropriately and cost-effectively addressed in the context of the parties' discussions regarding document discovery. The Co-Executors also object to this Interrogatory on the grounds and to the extent that it calls for the production of information protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to this Interrogatory on the grounds

and to the extent that it calls for the production of information outside their possession, custody, and control, and is unconstrained by time.

## INTERROGATORY NO. 3

Identify all telephone numbers used by Epstein or any of his employees or agents acting on his behalf, including beepers, Blackberry or PDA devices, cellular phones and land lines in any of his residences, by stating the users name, complete telephone number(s), type of device and name of the service provider.

## RESPONSE:

The Co-Executors object to Interrogatory No. 3 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also vague, overly broad and unduly burdensome. The Co-Executors also object to this Interrogatory on the grounds and to the extent that it calls for the production of information outside their possession, custody, and control, and is unconstrained by time. The Co-Executors further object to this Interrogatory on the grounds it seeks "discovery about discovery," which would result in unnecessary expense. Such matters are more appropriately and cost-effectively addressed in the context of the parties' discussions regarding document discovery. The Co-Executors also object to this Interrogatory on the grounds and to the extent that it calls for the production of information protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection from disclosure.

## INTERROGATORY NO. 4

Identify all employees, including each employee's position and dates and locations of employment, who performed work or services in or on any property owned, leased, occupied, or used by Epstein, including but not limited Epstein's homes in Palm Beach, Florida, New York City, the U.S. Virgin Islands, New Mexico, London and Paris, and provide the name and contact information of the individual who hired, trained and supervised each employee.

**RESPONSE:**

The Co-Executors object to Interrogatory No. 4 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.  The Co-Executors also object to this Interrogatory on the grounds that it assumes facts not in evidence and that the phrase "performed work or services in or on any property" is vague and ambiguous.  The Co-Executors also object to this Interrogatory on the grounds and to the extent that it calls for the production of information protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection from disclosure.  The Co-Executors further object to this Interrogatory on the grounds and to the extent that it calls for the production of information outside their possession, custody, and control, and is unconstrained by time.

**INTERROGATORY NO. 5**

Identify all employees, including each employee's position and dates and locations of employment, who performed work as an assistant, scheduler, secretary, masseuse or traveling masseuse for Epstein and provide the name and contact information of the individual who hired, trained and supervised each employee.

**RESPONSE:**

The Co-Executors object to Interrogatory No. 5 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.  The Co-Executors also object to this Interrogatory on the grounds that the terms "scheduler" and "traveling masseuse" are vague and ambiguous.  The Co-Executors also object to this Interrogatory on the grounds and to the extent that it assumes facts not in evidence.  The Co-Executors also object to this Interrogatory on the grounds and to the extent that it calls for the production of information protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection from disclosure.

The Co-Executors further object to this Interrogatory on the grounds and to the extent that it calls for the production of information outside their possession, custody, and control, and is unconstrained by time.

**INTERROGATORY NO. 6**

Identify all companies and/or persons who provided transportation services to Epstein, whether as an employee or independent contractor, including without limitation drivers, chauffeurs, boat captains, pilots, and aircraft crew, and provide the contact information for each listed person or company.

**RESPONSE:**

The Co-Executors object to Interrogatory No. 6 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Interrogatory on the grounds and to the extent that it calls for the production of information protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors also object to this Interrogatory on the grounds that the phrase "transportation services" is vague and ambiguous. The Co-Executors further object to this Interrogatory on the grounds and to the extent that it calls for the production of information outside their possession, custody, and control, and is unconstrained by time.

**INTERROGATORY NO. 7**

Identify all females by name and age for whom Epstein or his employees or agents provided accommodations at 301 East 66th Street, New York, New York for any period of time.

**RESPONSE:**

The Co-Executors object to Interrogatory No. 7 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Interrogatory on the

grounds and to the extent that it assumes facts not in evidence and on the grounds that the phrase "provided accommodations" is vague and ambiguous.  The Co-Executors additionally object to this Interrogatory on the grounds and to the extent that it calls for the production of information protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection from disclosure.  The Co-Executors also object to this Interrogatory on the grounds and to the extent that it assumes facts not in evidence.  The Co-Executors further object to this Interrogatory on the grounds and to the extent that it calls for the production of information outside their possession, custody, and control, and is unconstrained by time.

**INTERROGATORY NO. 8**

Identify by name and age all persons who gave a massage or were asked to give a massage to Epstein, Maxwell or a guest, or to whom Epstein or Maxwell gave a massage, at any of Epstein's residences and provide the location of each massage.

**RESPONSE:**

The Co-Executors object to Interrogatory No. 8 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.  The Co-Executors also object to this Interrogatory on the grounds and to the extent that it assumes facts not in evidence.  The Co-Executors additionally object to this Interrogatory on the grounds and to the extent that it calls for the production of information protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection from disclosure.   The Co-Executors further object to this Interrogatory on the grounds and to the extent that it calls for the production of information outside their possession, custody, and control, and is unconstrained by time.

**INTERROGATORY NO. 9**

Identify all dates when Andrew Albert Christian Edward, Duke of York (a/k/a Prince Andrew) was present in any of Epstein's residences from 1995 to the present, and provide the location and purpose of each visit.

**RESPONSE:**

The Co-Executors object to Interrogatory No. 9 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Interrogatory on the grounds and to the extent that it calls for the production of information protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors also object to this Interrogatory on the grounds and to the extent that it assumes facts not in evidence. The Co-Executors additionally object to the time period stated in this Interrogatory, which is inconsistent with the time frame alleged in the Complaint. The Co-Executors further object to this Interrogatory on the grounds and to the extent that it calls for the production of information outside their possession, custody, and control.

**INTERROGATORY NO. 10**

Identify all dates when Alan Dershowitz was present in any of Epstein's residences from 1995 to the present, and provide the location and purpose of each visit.

**RESPONSE:**

The Co-Executors object to Interrogatory No. 10 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Interrogatory on the grounds and to the extent that it assumes facts not in evidence. The Co-Executors also object to this Interrogatory on the grounds and to the extent that it calls for the production of information protected by the attorney-client privilege, the attorney work product doctrine, and any other

applicable privilege or protection from disclosure.  The Co-Executors additionally object to the time period stated in this Interrogatory, which is inconsistent with the time frame alleged in the Complaint.  The Co-Executors further object to this Interrogatory on the grounds and to the extent that it calls for the production of information outside their possession, custody, and control.

**INTERROGATORY NO. 11**

Identify all dates when William "Bill" J. Clinton was present in any of Epstein's residences, on any of Epstein's helicopters or planes, at any of Epstein's offices, or at any event hosted or affiliated with Epstein from 1995 to the present, and provide the location and purpose of each encounter.

**RESPONSE:**

The Co-Executors object to Interrogatory No. 11 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.  The Co-Executors also object to this Interrogatory on the grounds that the phrase "any event hosted or affiliated with Epstein" is vague and ambiguous.  The Co-Executors additionally object to this Interrogatory on the grounds and to the extent that it calls for the production of information protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection from disclosure.  The Co-Executors also object to this Interrogatory on the grounds and to the extent that it assumes facts not in evidence.  The Co-Executors additionally object to the time period stated in this Interrogatory, which is inconsistent with the time frame alleged in the Complaint.  The Co-Executors further object to this Interrogatory on the grounds and to the extent that it calls for the production of information outside their possession, custody, and control.

**INTERROGATORY NO. 12**

Identify any telecommunications, information technology, or audio-visual technology company that Epstein hired for work in any of his residences or offices and provide the name and

contact information for each individual or company listed, in addition to the residence or office serviced.

**RESPONSE:**

The Co-Executors object to Interrogatory No. 12 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.  The Co-Executors also object to this Interrogatory on the grounds that the phrase "hired for work" is vague and ambiguous.  The Co-Executors additionally object to this Interrogatory on the grounds and to the extent that it calls for the production of information protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection from disclosure.  The Co-Executors also object to this Interrogatory on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors further object to this Interrogatory on the grounds and to the extent that it calls for the production of information outside their possession, custody, and control, and is unconstrained by time.

**INTERROGATORY NO. 13**

Identify the method or means in which Maxwell was paid by Epstein or any affiliated entities from 1995 to the present.

**RESPONSE:**

The Co-Executors object to Interrogatory No. 13 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.  The Co-Executors also object to this Interrogatory on the grounds that the phrases "method or means in which Maxwell was paid" and "affiliated entities" are vague and ambiguous.  The Co-Executors also object to this Interrogatory on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors also object to this

Interrogatory on the grounds and to the extent that it calls for the production of information protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors additionally object to the time period stated in this Interrogatory, which is inconsistent with the time frame alleged in the Complaint.  The Co-Executors further object to this Interrogatory on the grounds and to the extent that it calls for the production of information outside their possession, custody, and control.

**INTERROGATORY NO. 14**

Provide detailed quantification for all compensation Maxwell received for any services she performed for the benefit of Epstein or any of his affiliated entities, broken down by year from 1995 to the present.

**RESPONSE:**

The Co-Executors object to Interrogatory No. 14 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.  The Co-Executors also object to this Interrogatory on the grounds that the phrase "services she performed for the benefit of Epstein or any of his affiliated entities" is vague and ambiguous.  The Co-Executors also object to this Interrogatory on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors also object to this Interrogatory on the grounds and to the extent that it calls for the production of information protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection from disclosure.  The Co-Executors additionally object to the time period stated in this Interrogatory, which is inconsistent with the time frame alleged in the Complaint.  The Co-Executors further object to this Interrogatory on the grounds and to the extent that it calls for the production of information outside their possession, custody, and control.

**INTERROGATORY NO. 15**

Identify any loans or lines of credit issued to Maxwell from Epstein or any affiliated entities from 1995 to the present, including the amount of the loans, the term of the loans, the interest rate of the loans, and any payments made by Maxwell or on Maxwell's behalf to repay such loans.

**RESPONSE:**

The Co-Executors object to Interrogatory No. 15 on the grounds that it seeks information

that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also

overly broad and unduly burdensome.  The Co-Executors also object to this Interrogatory on the

grounds that the terms "lines of credit" and "any affiliated entitites" are vague and ambiguous.

The Co-Executors also object to this Interrogatory on the grounds and to the extent that it assumes

facts not in evidence.   The Co-Executors also object to this Interrogatory on the grounds and to

the extent that it calls for the production of information protected by the attorney-client privilege,

the attorney work product doctrine, and any other applicable privilege or protection from

disclosure.  The Co-Executors additionally object to the time period stated in this Interrogatory,

which is inconsistent with the time frame alleged in the Complaint.

**INTERROGATORY NO. 16**

Identify the dates, recipients, and purpose of the "two . . . payments, one in the amount of $250,000 and another in the amount of $100,000 to . . . two employees or associates of Mr. Epstein's" referenced by Assistant United States Attorney Alexander Rossmiller at Epstein's bail hearing on July 15, 2019. See Transcript of July 15, 2019 Bail Hearing at 9:15-20, United States v. Epstein, No. 19-cr-490 (RMB) (S.D.N.Y.).

**RESPONSE:**

The Co-Executors object to Interrogatory No. 16 on the grounds that it seeks information

that is neither relevant to Plaintiff's claims nor proportional to the needs of this case.   The Co-

Executors also object to this Interrogatory on the grounds and to the extent that it calls for the

production of information protected by the attorney-client privilege, the attorney work product

doctrine, and any other applicable privilege or protection from disclosure.

**INTERROGATORY NO. 17**

Identify all persons who have made a claim, complaint, demand or threat against Epstein relating to alleged sexual abuse or misconduct on a female, and for each provide the following information:

a. The person's full name, last known address and telephone number;

b. The person's attorney, if represented

c. The date of the alleged incident(s); and

d. If a civil case has been filed by or on behalf of the person, the case number and identifying information.

**RESPONSE:**

The Co-Executors object to Interrogatory No. 17 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors further object to this Interrogatory on the grounds and to the extent that it calls for the production of information protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors object to this Interrogatory on the grounds that it seeks publicly available information and information already known to Plaintiff or her counsel. The Co-Executors also object to this Interrogatory on the grounds that the terms "claim, complaint, demand or threat" and "misconduct" are overly broad, vague and ambiguous.  The Co-Executors further object to this Interrogatory on the grounds and to the extent that it calls for the production of information outside their possession, custody, and control.

Dated:  New York, New York
      April 16, 2020

                                       TROUTMAN SANDERS LLP

                              By: */s/Bennet Moskowitz*
                                   Bennet Moskowitz
                                   875 Third Avenue
                                   New York, New York 10022
                                   Tel: (212) 704- 6087
                                   bennet.moskowitz@troutman.com

                                   *Attorney for Darren K. Indyke and Richard D. Kahn, as co-executors of the estate of Jeffrey E. Epstein*

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 16, 2020, I served a copy of the foregoing *Defendants' Objections and Responses to Plaintiff Juliette Bryant's First Set of Interrogatories to Defendants*, by sending them by email to:

Sigrid McCawley
Boies, Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL, 33301
Email: smccawley@bsfllp.com

TROUTMAN SANDERS LLP

By: /s/*Mary Grace W. Metcalfe*
Mary Grace W. Metcalfe
875 Third Avenue
New York, New York 10022
Tel: (212) 704-6029
marygrace.metcalfe@troutman.com

*Attorney for Darren K. Indyke and Richard D. Kahn, as co-executors of the estate of Jeffrey E. Epstein*