# Exhibit E

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JULIETTE BRYANT,<br><br>*Plaintiff*,<br><br>v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN<br>in their capacities as the executors of the ESTATE<br>OF JEFFREY EDWARD EPSTEIN,<br><br>*Defendants*. | Case No. 1:19-cv-10479-ALC-DCF |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF JULIETTE BRYANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Defendants Darren K. Indyke and Richard D. Kahn, as co-executors of the estate of Jeffrey E. Epstein (the "Co-Executors"), by their attorneys, pursuant to Federal Rules of Civil Procedure 26 and 34, provide the following responses to Plaintiff Juliette Bryant's ("Plaintiff") First Request for Production of Documents (the "Requests").

## RESERVATION OF RIGHTS

These responses are made solely for the purpose of and in relation to discovery in the above-captioned action. The Co-Executors submit these responses subject to, and without intending to waive, and expressly preserving: (i) any objections as to relevancy, materiality, competency, privilege and admissibility of any documents and information produced in discovery, including without limitation herein; and (ii) the right to object to any other discovery requests. The Co-Executors reserve their right to amend these responses if and when appropriate.  Further, these responses are neither an admission nor acceptance of any alleged facts, including without limitation those stated in the Requests.

## SPECIFIC OBJECTIONS TO DEFINITIONS

The Co-Executors object to Plaintiff's definition of the term "Jeffrey Epstein" or "Epstein" on the grounds that, insofar as it includes "any entities owned or controlled by Jeffrey Epstein, any employee, agent, attorney, consultant, or representative of Jeffrey Epstein," it is overbroad, unduly burdensome, vague and ambiguous.   The Co-Executors will interpret "Jeffrey Epstein" or "Epstein" as Jeffrey E. Epstein.

The Co-Executors also object to Plaintiff's definition of the term "Ghislaine Maxwell" or "Maxwell" on the grounds that, insofar as it includes "any entities owned or controlled by Ghislaine Maxwell, any employee, agent, attorney, consultant, or representative of Ghislaine Maxwell," it is overbroad, unduly burdensome, vague and ambiguous.  The Co-Executors will interpret "Ghislaine Maxwell" or "Maxwell" as Ghislaine Maxwell.

The Co-Executors also object to Plaintiff's definition of the term "Lesley Groff" or "Groff" on the grounds that, insofar as it includes "any entities owned or controlled by Lesley Groff, any employee, agent, attorney, consultant, or representative of Lesley Groff," it is overbroad, unduly burdensome, vague and ambiguous.  The Co-Executors will interpret "Lesley Groff" or "Groff" as Lesley Groff.

The Co-Executors also object to Plaintiff's definition of the term "Sarah Kellen" or "Kellen" on the grounds that, insofar as it includes "any entities owned or controlled by Sarah Kellen, any employee, agent, attorney, consultant, or representative of Sarah Kellen," it is overbroad, unduly burdensome, vague and ambiguous.  The Co-Executors will interpret "Sarah Kellen" or "Kellen" as Sarah Kellen.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

## REQUEST NO. 1

All Documents relating to Plaintiff, Juliette Bryant, whether or not they reference her by

name. This Request includes, but is not limited to, all communications, diaries, journals, calendars, blog posts (whether published or not), notes (handwritten or otherwise), memoranda, documentation of car services, airline tickets and/or travel itineraries, accommodations, wire transfer receipts, or any other Documents that concern Juliette Bryant in any way, whether or not they reference her by name.

**RESPONSE:**

The Co-Executors object to Request No. 1 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 1 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.

Subject to and without waiving these objections and the parties' entry into a mutually acceptable confidentiality agreement and (proposed) order and ESI protocol, the Co-Executors will search for and produce non-privileged documents concerning Plaintiff, if any exist and are located pursuant to mutually agreeable search parameters. The Co-Executors are working to collect and process documents for these purposes and will meet and confer with counsel for Plaintiff about the search as soon as practicable.

**REQUEST NO. 2**

All telephone records and other Documents reflecting telephone calls made by Epstein or to Epstein, including without limitation cell phone records, telephone logs, and message pads, to or from Epstein's employees.

**RESPONSE:**

The Co-Executors object to Request No. 2 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-

Executors further object to Request No. 2 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.  The Co-Executors further object to this Request on the grounds and to the extent that it calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 3**

All telephone records and other Documents reflecting telephone calls made by Epstein or to Epstein, including without limitation cell phone records, telephone logs, and message pads, to or from Maxwell, Kellen, or Groff.

**RESPONSE:**

The Co-Executors object to Request No. 3 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure.  The Co-Executors further object to Request No. 3 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.  The Co-Executors further object to this Request on the grounds and to the extent that it calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 4**

All telephone records associated with Epstein, Maxwell, Kellen, or Groff, including cell phone records, telephone logs, and message pads, that show any communications with Juliette Bryant or Virginia Bryant.

**RESPONSE:**

The Co-Executors object to Request No. 4 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney

work product doctrine, and any other applicable privilege or protection from disclosure.  The Co-Executors further object to Request No. 4 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 5**

All Documents relating to calendars, schedules, or appointments for Epstein.

**RESPONSE:**

The Co-Executors object to Request No. 5 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure.  The Co-Executors further object to Request No. 5 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.  The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.

**REQUEST NO. 6**

All Documents relating to contact lists, phone lists, or address books for Epstein.

**RESPONSE:**

The Co-Executors object to Request No. 6 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney

work product doctrine, and any other applicable privilege or protection from disclosure.  The Co-Executors further object to Request No. 6 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.

**REQUEST NO. 7**

All Documents relating to any Amazon.com account associated with Epstein or Maxwell, including without limitation the purchase order history for each account.

**RESPONSE:**

The Co-Executors object to Request No. 7 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure.  The Co-Executors further object to Request No. 7 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.  The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.

**REQUEST NO. 8**

All video tapes, audio tapes, photographs, portraits, including film negatives or film slides, CDs, or any other print or electronic media depicting Epstein, Maxwell, Groff, or Kellen in the presence of Juliette Bryant.

**RESPONSE:**

The Co-Executors object to Request No. 8 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney

work product doctrine, and any other applicable privilege or protection from disclosure.  The Co-Executors additionally object to this Request as duplicative of Request No. 9.  The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.  The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.

Subject to and without waiving these objections and the parties' entry into a mutually acceptable confidentiality agreement and (proposed) order and ESI protocol, the Co-Executors will search for and produce non-privileged documents concerning Plaintiff, if any exist and are located pursuant to mutually agreeable search parameters.  The Co-Executors are working to collect and process documents for these purposes and will meet and confer with counsel for Plaintiff about the search as soon as practicable.

**REQUEST NO. 9**

All video tapes, audio tapes, photographs, including film negatives or film slides, CDs, or any other print or electronic media depicting or relating to Juliette Bryant in any way.

**RESPONSE:**

The Co-Executors object to Request No. 9 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure.  The Co-Executors additionally object to this Request as duplicative of Request No. 8.  The Co-Executors further object to Request No. 9 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the

production of documents and information outside their possession, custody, and control.  The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.

Subject to and without waiving these objections and the parties' entry into a mutually acceptable confidentiality agreement and (proposed) order and ESI protocol, the Co-Executors will search for and produce non-privileged documents concerning Plaintiff, if any exist and are located pursuant to mutually agreeable search parameters.  The Co-Executors are working to collect and process documents for these purposes and will meet and confer with counsel for Plaintiff about the search as soon as practicable.

**REQUEST NO. 10**

All Documents relating to any communications between Epstein, Groff, Maxwell, or Kellen and Juliette Bryant or Virginia Bryant.

**RESPONSE:**

The Co-Executors object to Request No. 10 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 10 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.  The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.  The Co-Executors further object to this Request on the grounds that it seeks information already known to Plaintiff or her counsel.

Subject to and without waiving these objections and the parties' entry into a mutually acceptable confidentiality agreement and (proposed) order and ESI protocol, the Co-Executors will search for and produce non-privileged documents concerning Plaintiff, if any exist and are located pursuant to mutually agreeable search parameters.  The Co-Executors are working to collect and process documents for these purposes and will meet and confer with counsel for Plaintiff about the search as soon as practicable.

### REQUEST NO. 11

All Documents relating to any gifts or monetary payments provided to, or for the benefit of, Juliette Bryant by Epstein, Maxwell, Groff, Kellen, or any related entity.

### RESPONSE:

The Co-Executors object to Request No. 11 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.  The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.  The Co-Executors further object to this Request on the grounds that it seeks information already known to Plaintiff or her counsel.

Subject to and without waiving these objections and the parties' entry into a mutually acceptable confidentiality agreement and (proposed) order and ESI protocol, the Co-Executors will search for and produce non-privileged documents concerning Plaintiff, if any exist and are located pursuant to mutually agreeable search parameters.  The Co-Executors are working to collect and process documents for these purposes and will meet and confer with counsel for Plaintiff about the search as soon as practicable.

**REQUEST NO. 12**

All Documents relating to communications between Epstein and Maxwell, Groff, or Kellen relating to Juliette Bryant.

**RESPONSE:**

The Co-Executors object to Request No. 12 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.  The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.

Subject to and without waiving these objections and the parties' entry into a mutually acceptable confidentiality agreement and (proposed) order and ESI protocol, the Co-Executors will search for and produce non-privileged documents concerning Plaintiff, if any exist and are located pursuant to mutually agreeable search parameters.  The Co-Executors are working to collect and process documents for these purposes and will meet and confer with counsel for Plaintiff about the search as soon as practicable.

**REQUEST NO. 13**

All Documents relating to communications between Epstein and Jean-Luc Brunel relating to Juliette Bryant.

**RESPONSE:**

The Co-Executors object to Request No. 13 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure.

The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.

Subject to and without waiving these objections and the parties' entry into a mutually acceptable confidentiality agreement and (proposed) order and ESI protocol, the Co-Executors will search for and produce non-privileged documents concerning Plaintiff, if any exist and are located pursuant to mutually agreeable search parameters. The Co-Executors are working to collect and process documents for these purposes and will meet and confer with counsel for Plaintiff about the search as soon as practicable.

**REQUEST NO. 14**

All Documents relating to Juliette Bryant's travel to and from the United States, U.S. Virgin Islands, France, or South Africa.

**RESPONSE:**

The Co-Executors object to Request No. 14 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control. The Co-Executors further object to this Request on the grounds that it seeks information already known to Plaintiff or her counsel.

Subject to and without waiving these objections and the parties' entry into a mutually acceptable confidentiality agreement and (proposed) order and ESI protocol, the Co-Executors

will search for and produce non-privileged documents concerning Plaintiff, if any exist and are located pursuant to mutually agreeable search parameters.   The Co-Executors are working to collect and process documents for these purposes and will meet and confer with counsel for Plaintiff about the search as soon as practicable.

## REQUEST NO. 15

All Documents relating to Epstein's 2002 trip to South Africa with President William "Bill" J. Clinton, including but not limited to travel itineraries, information about speaking engagements, lists of security staff and drivers, hotel information, and meeting information.

## RESPONSE:

The Co-Executors object to Request No. 15 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 15 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 16

All Documents relating to Groff or Kellen obtaining or preparing travel documents for Juliette Bryant's travel to and from the United States.

## RESPONSE:

The Co-Executors object to Request No. 16 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege,

attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.   The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors also object to this Request on the grounds that the term "travel documents" is vague and ambiguous.

Subject to and without waiving these objections and the parties' entry into a mutually acceptable confidentiality agreement and (proposed) order and ESI protocol, the Co-Executors will search for and produce non-privileged documents concerning Plaintiff, if any exist and are located pursuant to mutually agreeable search parameters.   The Co-Executors are working to collect and process documents for these purposes and will meet and confer with counsel for Plaintiff about the search as soon as practicable.

## REQUEST NO. 17

All Documents relating to any accommodations made by Epstein or his employees for Juliette Bryant at an apartment building located at 301 E. 66th Street, New York, NY.

## RESPONSE:

The Co-Executors object to Request No. 17 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

Subject to and without waiving these objections and the parties' entry into a mutually

acceptable confidentiality agreement and (proposed) order and ESI protocol, the Co-Executors will search for and produce non-privileged documents concerning Plaintiff, if any exist and are located pursuant to mutually agreeable search parameters.  The Co-Executors are working to collect and process documents for these purposes and will meet and confer with counsel for Plaintiff about the search as soon as practicable.

## REQUEST NO. 18

All Documents relating to any modeling referral, job, audition, casting, or other opportunity that Epstein or his employees assisted Juliette Bryant in obtaining.

## RESPONSE:

The Co-Executors object to Request No. 18 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.  The Co-Executors further object to this Request on the grounds that it seeks information in Plaintiff's possession.

Subject to and without waiving these objections and the parties' entry into a mutually acceptable confidentiality agreement and (proposed) order and ESI protocol, the Co-Executors will search for and produce non-privileged documents concerning Plaintiff, if any exist and are located pursuant to mutually agreeable search parameters.  The Co-Executors are working to collect and process documents for these purposes and will meet and confer with counsel for Plaintiff about the search as soon as practicable.

## REQUEST NO. 19

All Documents relating to any service that Epstein, Maxwell, Kellen, or Groff provided or funded for Juliette Bryant, including but not limited to hair appointments and dentist appointments.

**RESPONSE:**

The Co-Executors object to Request No. 19 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence. The Co-Executors further object to this Request on the grounds that it seeks documents in Plaintiff's possession.

Subject to and without waiving these objections and the parties' entry into a mutually acceptable confidentiality agreement and (proposed) order and ESI protocol, the Co-Executors will search for and produce non-privileged documents concerning Plaintiff, if any exist and are located pursuant to mutually agreeable search parameters. The Co-Executors are working to collect and process documents for these purposes and will meet and confer with counsel for Plaintiff about the search as soon as practicable.

**REQUEST NO. 20**

All Documents relating to any employee lists or records associated with Epstein or any related entity.

**RESPONSE:**

The Co-Executors object to Request No. 20 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure.

The Co-Executors further object to Request No. 20 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.

## REQUEST NO. 21

All Documents relating to payments made from Epstein, or any related entity, to Maxwell, Kellen, Nadia Marcinkova (a/k/a Nadia Marcinko), Groff, and Adriana Ross (a/k/a Adriana Mucinska), including payments or bonuses for work performed, gifts, real estate purchases, living expenses, business ventures, and payments to Maxwell's charitable endeavors, including the TerraMar project.

## RESPONSE:

The Co-Executors object to Request No. 21 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 21 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.

## REQUEST NO. 22

All Documents relating to any credit card, business, or store account used by Maxwell, Kellen, Groff, Nadia Marcinkova, or Adriana Ross that was paid for by Epstein or any related entity.

## RESPONSE:

The Co-Executors object to Request No. 22 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 22 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's

claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 23

All Documents relating to confidentiality or separation agreements between Epstein or any associated entity and any employee or associate of Epstein.

## RESPONSE:

The Co-Executors object to Request No. 23 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 23 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.

## REQUEST NO. 24

All Documents relating to any house staff, employees, or individuals who were compensated by Epstein or any individual or entity affiliated with Epstein, during and/or after employment ceased, including but not limited to the following individuals: Jean-Luc Brunel, Emmy Tayler, Kellen, Nadia Marcinkova, Groff, Adriana Ross, Cecilia Steen, Luciano "Jojo" Fontanilla, Rosalyn "Lynn" Fontanilla, Juan Alessi, Maria Alessi, Louella Rabuyo, Michael Liffman, Cathy and Miles Alexander, Deidre Stratton, Floyd Stratton, Brice Gordon, Karen Gordon, Michael O'Dell, Kate O'Dell, David Barger, Larry Visoski, David Rodgers, Andy Stewart, Adam Perry Lang, Ryon Dionne, Bill Peadon, Francis Peadon and Igor Zinoviev.

**RESPONSE:**

The Co-Executors object to Request No. 24 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 24 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 25**

All Documents relating to Rinaldo Rizzo from 2002 to the present.

**RESPONSE:**

The Co-Executors object to Request No. 25 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 25 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession,

custody, and control.

## REQUEST NO. 26

All Documents identifying any employees that performed work or services in or on any property owned, occupied, or used by Epstein.

## RESPONSE:

The Co-Executors object to Request No. 26 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 26 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to Request No. 26 on the grounds of and to the extent it seeks documents necessarily held in a capacity other than as Co-Executors of the Estate. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 27

All Documents reflecting Your or Epstein's direct or indirect interest or control over business or personal assets of any employee or associate of Epstein, including but not limited to articles of incorporation, power of attorneys, contracts, and meeting minutes.

## RESPONSE:

The Co-Executors object to Request No. 27 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 27 on the grounds that, to the extent it seeks

documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to Request No. 27 on the grounds of and to the extent it seeks documents necessarily held in a capacity other than as Co-Executors of the Estate. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.

## REQUEST NO. 28

All video tapes, audio tapes, photographs, portraits, including film negatives or film slides, CDs, flash drives, memory cards, or any other print or electronic media depicting Epstein in the presence of Maxwell, Kellen, or Groff.

## RESPONSE:

The Co-Executors object to Request No. 28 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 28 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 29

All Documents relating to Maxwell, Kellen, or Groff including but not limited to all Documents relating to communications between Epstein and Maxwell, Kellen, or Groff.

## RESPONSE:

The Co-Executors object to Request No. 29 on the grounds and to the extent that it calls

for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 29 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 30**

All Documents relating to any agreements (including but not limited to confidentiality agreements, insurance policies or indemnification agreements, employment agreements, separation agreements, or agreements to pay legal fees) between Epstein and Maxwell, Kellen or Groff, whether such agreements are written, verbal, or merely understood among the parties and not otherwise expressed, and whether or not such agreements were ever executed or carried out.

**RESPONSE:**

The Co-Executors object to Request No. 30 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 30 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.  The Co-Executors also object to this Request on the grounds

that the phrase "merely understood among the parties and not otherwise expressed" is vague and ambiguous.

**REQUEST NO. 31**

All Documents relating to any Joint Defense Agreement entered into between Epstein and Maxwell, Kellen, or Groff.

**RESPONSE:**

The Co-Executors object to Request No. 31 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 31 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.

**REQUEST NO. 32**

All Documents relating to or describing any work Maxwell, Kellen, or Groff performed for or with Epstein or any affiliated entity.

**RESPONSE:**

The Co-Executors object to Request No. 32 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 32 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.

The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 33

All Documents relating to any communications between Epstein or Epstein's attorneys and Kellen or Kellen's attorneys related to the issue of sexual abuse of females.

## RESPONSE:

The Co-Executors object to Request No. 33 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 33 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 34

All Documents relating to any communications between Epstein or Epstein's attorneys and Groff or Groff's attorneys related to the issue of sexual abuse of females.

## RESPONSE:

The Co-Executors object to Request No. 34 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege,

attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 34 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 35**

All Documents relating to any communications between Epstein or Epstein's attorneys and Maxwell or Maxwell's attorneys related to the issue of sexual abuse of females.

**RESPONSE:**

The Co-Executors object to Request No. 35 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 35 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 36**

All Documents relating to any communications between Epstein or Epstein's attorneys and

Kellen or Kellen's attorneys related to the recruitment of any female for any purpose, including socializing or performing any type of work or service.

**RESPONSE:**

The Co-Executors object to Request No. 36 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 36 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 37**

All Documents relating to any communications between Epstein or Epstein's attorneys and Groff or Groff's attorneys related to the recruitment of any female for any purpose, including socializing or performing any type of work or service.

**RESPONSE:**

The Co-Executors object to Request No. 37 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 37 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts

not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 38

All Documents relating to any communications between Epstein or Epstein's attorneys and Maxwell or Maxwell's attorneys related to the recruitment of any female for any purpose, including socializing or performing any type of work or service.

## RESPONSE:

The Co-Executors object to Request No. 38 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 38 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 39

All Documents relating to any bank account, household account, or financial account identifying Maxwell in any way, including without limitation as an authorized user on the account.

## RESPONSE:

The Co-Executors object to Request No. 39 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege,

attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 39 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.  The Co-Executors also object to this Request on the grounds that the terms "household account" and "financial account" are vague and ambiguous.

**REQUEST NO. 40**

All Documents or other media (including photographs) describing or depicting nude or partially nude females, including but not limited to all Documents or other media describing or depicting how such photographs were displayed in any of Epstein's various residences.

**RESPONSE:**

The Co-Executors object to Request No. 40 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 40 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.   The Co-Executors further object to this Request on the grounds

that it seeks publicly available information and information already known to Plaintiff or her counsel.

**REQUEST NO. 41**

All Documents relating to any payments Epstein made to educational institutions or programs, visual or performing arts schools, or scholarship programs and, to the extent the payment was made for the benefit of another person, any Documents reflecting the identity of that person.

**RESPONSE:**

The Co-Executors object to Request No. 41 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 41 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 42**

All Documents relating to any request, proposal or inquiry made by Epstein, Maxwell, or Kellen to any modeling agency for casting, recruitment, potential employment, and/or other advancement opportunities and Documents reflecting the identity of any person responding to the request, proposal, or inquiry.

**RESPONSE:**

The Co-Executors object to Request No. 42 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege,

attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 42 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 43**

All Documents relating to calendars, schedules, or appointments for Epstein that relate to visits with or communications with females, excluding immediate family members.

**RESPONSE:**

The Co-Executors object to Request No. 43 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 43 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 44**

All Documents identifying any individuals who ever provided Epstein with a massage.

**RESPONSE:**

The Co-Executors object to Request No. 44 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 44 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 45

All Documents identifying any individuals who Epstein paid for sexual acts, either with Epstein or with other individuals.

## RESPONSE:

The Co-Executors object to Request No. 45 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 45 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.  The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 46**

All Documents identifying any females recruited or referred by Maxwell, Kellen, or Groff for work, sexual acts, or companionship for Epstein.

**RESPONSE:**

The Co-Executors object to Request No. 46 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 46 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 47**

All Documents relating to any females Maxwell, Kellen or Groff introduced to Epstein for work, sexual acts, or companionship for Epstein.

**RESPONSE:**

The Co-Executors object to Request No. 47 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 47 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.

The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.  The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 48

All Documents relating to any females Epstein paid to perform any kind of service, including but not limited to work as an assistant, massage therapist, model, private exercise instructor, dance instructor, or companion.

## RESPONSE:

The Co-Executors object to Request No. 48 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 48 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.  The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 49

All Documents relating to massages, including but not limited to Documents reflecting recruiting or hiring masseuses, advertising for masseuses, flyers created for distribution at high schools or colleges, and Documents reflecting e-mails or calls to individuals relating to massages.

## RESPONSE:

The Co-Executors object to Request No. 49 on the grounds and to the extent that it calls

for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 49 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.  The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 50**

All Documents relating to passports applied for, obtained, or paid for by Epstein on behalf of any female recruited to work for Epstein to perform any kind of service, including but not limited to work as an assistant, massage therapist, model, private exercise instructor, dance instructor, or companion.

**RESPONSE:**

The Co-Executors object to Request No. 50 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 50 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.  The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 51**

All Documents relating to Teala Davies, Chauntae Davies, or Anna Hanks (a/k/a Anna Hewitt).

**RESPONSE:**

The Co-Executors object to Request No. 51 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 51 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 52**

All Documents relating to Epstein's travel, when that travel was either with Maxwell, Kellen, Groff or other females or to meet Maxwell, Kellen, Groff or other females, including but not limited to documentation of commercial flights, private flights, helicopters, boat charters, and car services, passport records, records indicating passengers traveling with Epstein, hotel records, and credit card receipts.

**RESPONSE:**

The Co-Executors object to Request No. 52 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 52 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.

The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 53

All Documents relating to Epstein's travel to South Africa between 2001 and the present.

## RESPONSE:

The Co-Executors object to Request No. 53 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 53 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to the time period stated in the Request, which is inconsistent with the time frame alleged in the Complaint. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 54

All Documents relating to Epstein's travel to Florida between 2001 and the present.

## RESPONSE:

The Co-Executors object to Request No. 54 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege,

attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 54 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to the time period stated in the Request, which is inconsistent with the time frame alleged in the Complaint.  The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.    The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 55**

All Documents relating to Epstein's travel to the U.S. Virgin Islands between 2001 and the present.

**RESPONSE:**

The Co-Executors object to Request No. 55 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 55 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to the time period stated in the Request, which is inconsistent with the time frame alleged in the Complaint.  The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.  The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 56**

All Documents relating to Epstein's travel to France between 2001 and the present.

**RESPONSE:**

The Co-Executors object to Request No. 56 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 56 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to the time period stated in the Request, which is inconsistent with the time frame alleged in the Complaint.  The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.  The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 57**

All Documents relating to Epstein's travel to New Mexico between 2001 and the present.

**RESPONSE:**

The Co-Executors object to Request No. 57 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 57 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.

The Co-Executors additionally object to the time period stated in the Request, which is inconsistent with the time frame alleged in the Complaint.  The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.  The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 58

All Documents, including flight logs, identifying passengers, manifests, or flight plans for any helicopter or plane ever owned, leased, chartered, or controlled by Epstein or any associated entity, from 1995 to the present.

## RESPONSE:

The Co-Executors object to Request No. 58 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 58 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to the time period stated in the Request, which is inconsistent with the time frame alleged in the Complaint.  The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.  The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 59

All Documents relating to travel with Epstein of any female, including but not limited to documentation of commercial flights, private flights, helicopters, boat charters, and car services, passport records, records indicating passengers traveling with Epstein, hotel records, and credit card receipts.

**RESPONSE:**

The Co-Executors object to Request No. 59 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 59 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.  The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 60**

All video tapes, audio tapes, photographs or any other print or electronic media depicting any of Epstein's residences or aircrafts or inside of any of Epstein's residences or aircrafts.

**RESPONSE:**

The Co-Executors object to Request No. 60 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 60 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.

**REQUEST NO. 61**

All Documents relating to Epstein's ownership, lease, occupancy, use, or management of property located at 301 East 66th Street, New York, New York.

**RESPONSE:**

The Co-Executors object to Request No. 61 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 61 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.

**REQUEST NO. 62**

All Documents relating to any communications between Epstein or Maxwell and Alan Dershowitz relating to Juliette Bryant.

**RESPONSE:**

The Co-Executors object to Request No. 62 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 62 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.

Subject to and without waiving these objections and the parties' entry into a mutually acceptable confidentiality agreement and (proposed) order and ESI protocol, the Co-Executors

will search for and produce non-privileged documents concerning Plaintiff, if any exist and are located pursuant to mutually agreeable search parameters.  The Co-Executors are working to collect and process documents for these purposes and will meet and confer with counsel for Plaintiff about the search as soon as practicable.

**REQUEST NO. 63**

All Documents relating to Eva Dubin or Glen Dubin.

**RESPONSE:**

The Co-Executors object to Request No. 63 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 63 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 64**

All Documents relating to Miles Alexander or Cathy Alexander.

**RESPONSE:**

The Co-Executors object to Request No. 64 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 64 on the grounds that, to the extent it seeks

documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 65

All Documents relating to Michael Bay.

## RESPONSE:

The Co-Executors object to Request No. 65 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 65 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 66

All Documents relating to former New Mexico Governor William "Bill" Richardson or persons acting on his behalf.

## RESPONSE:

The Co-Executors object to Request No. 66 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure.

The Co-Executors further object to Request No. 66 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 67**

All Documents relating to Naja Hill.

**RESPONSE:**

The Co-Executors object to Request No. 67 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 67 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 68**

All Documents relating to Kevin Spacey or persons acting on his behalf.
**RESPONSE:**

The Co-Executors object to Request No. 68 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure.

The Co-Executors further object to Request No. 68 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 69**

All Documents relating to Chris Tucker or persons acting on his behalf.

**RESPONSE:**

The Co-Executors object to Request No. 69 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 69 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 70**

All Documents relating to William "Bill" J. Clinton or persons acting on his behalf.

**RESPONSE:**

The Co-Executors object to Request No. 70 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege,

attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 70 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 71**

All Documents relating to Andrew Albert Christian Edward, Duke of York (a/k/a Prince Andrew) or persons acting on his behalf.

**RESPONSE:**

The Co-Executors object to Request No. 71 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 71 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 72**

All Documents relating to communications between You or Epstein and John Doe, the intervenor in *Giuffre v. Maxwell*, No. 15-cv-07433-LAP (S.D.N.Y.), or John Doe's attorneys.

**RESPONSE:**

The Co-Executors object to Request No. 72 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 72 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds of and to the extent it seeks documents necessarily held in a capacity other than as Co-Executors of the Estate. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.   The Co-Executors further object to this Request on the grounds that it seeks information already known to Plaintiff or her counsel.

**REQUEST NO. 73**

All Documents relating to Frederic Fekkai, as an individual or as the owner of a hair-related company, including information regarding accounts Epstein maintained for hair- related services and the identity of any females who received hair-related services at Epstein's expense.

**RESPONSE:**

The Co-Executors object to Request No. 73 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 73 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.

The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 74**

All Documents relating to Dr. Radford Goto.

**RESPONSE:**

The Co-Executors object to Request No. 74 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 74 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 75**

All Documents relating to Andrea Mitrovich.

**RESPONSE:**

The Co-Executors object to Request No. 75 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 75 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's

claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 76**

All Documents reflecting or consisting of communications between Jeffrey Epstein and MC2 Models or Jean-Luc Brunel, relating or referring to females coming into the United States from other countries to pursue a career in modeling, including, but not limited to, letters, notes, and emails.

**RESPONSE:**

The Co-Executors object to Request No. 76 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 76 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.

**REQUEST NO. 77**

All Documents relating to Leslie Wexner or Abigail Wexner.

**RESPONSE:**

The Co-Executors object to Request No. 77 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 77 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.

The Co-Executors additionally object to this Request on the grounds of and to the extent it seeks documents necessarily held in a capacity other than as Co-Executors of the Estate.  The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 78

All Documents reflecting Your or Epstein's direct or indirect interest or control over business or personal assets of Leslie Wexner or Abigail Wexner, including but not limited to articles of incorporation, power of attorneys, contracts, and meeting minutes.

## RESPONSE:

The Co-Executors object to Request No. 78 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 78 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds of and to the extent it seeks documents necessarily held in a capacity other than as Co-Executors of the Estate. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.

## REQUEST NO. 79

All Documents relating to any business transactions, including real estate and other financial transactions, between Epstein and Leslie Wexner from 1990 to the present.

## RESPONSE:

The Co-Executors object to Request No. 79 on the grounds and to the extent that it calls

for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 79 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to the time period stated in the Request, which is inconsistent with the time frame alleged in the Complaint. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.

**REQUEST NO. 80**

All Documents relating to Victoria's Secret models or actresses who were ever in the presence of Epstein.

**RESPONSE:**

The Co-Executors object to Request No. 80 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 80 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 81**

All Documents relating to any work that Epstein performed for Victoria's Secret or

authority that Epstein possessed over Victoria's Secret.

**RESPONSE:**

The Co-Executors object to Request No. 81 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 81 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

**REQUEST NO. 82**

All Documents relating to modeling jobs, auditions, casting calls, or other opportunities with Victoria's Secret or any modeling agency, that Epstein assisted any person in securing.

**RESPONSE:**

The Co-Executors object to Request No. 82 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 82 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the

extent that it specifically calls for the production of documents and information outside their

possession, custody, and control.

## REQUEST NO. 83

From January 2012 to the present, all Documents concerning any source of funding for the TerraMar Project or any other not-for-profit entities for which Epstein provided funding, including but not limited to funding for the Clinton Global Initiative, the Clinton Foundation (a/k/a William J. Clinton Foundation, a/k/a the Bill, Hillary & Chelsea Clinton Foundation), and the Clinton Foundation Climate Change Initiative.

## RESPONSE:

The Co-Executors object to Request No. 83 on the grounds and to the extent that it calls

for the production of documents and information protected by the attorney-client privilege,

attorney work product doctrine, and any other applicable privilege or protection from disclosure.

The Co-Executors further object to Request No. 83 on the grounds that, to the extent it seeks

documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's

claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.

The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts

not in evidence.   The Co-Executors additionally object to this Request on the grounds and to the

extent that it specifically calls for the production of documents and information outside their

possession, custody, and control.

## REQUEST NO. 84

All Documents relating to Epstein's estate planning, will, or any financial transactions that occurred between the date of his arrest on July 6, 2019, and his death on August 10, 2019.

## RESPONSE:

The Co-Executors object to Request No. 84 on the grounds and to the extent that it calls

for the production of documents and information protected by the attorney-client privilege,

attorney work product doctrine, and any other applicable privilege or protection from disclosure.

The Co-Executors further object to Request No. 84 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.

**REQUEST NO. 85**

All Documents relating to communications between Epstein or Epstein's attorneys or agents and any law enforcement entity, including the FBI, NYPD, Palm Beach Police Department, and West Palm Beach Police Department, relating to any criminal investigation, cooperation in any criminal investigation, potential criminal charges, immunity, deferred prosecution, or suspected or known criminal activity.

**RESPONSE:**

The Co-Executors object to Request No. 85 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 85 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors further object to this Request on the grounds that it seeks publicly available information and information already known to Plaintiff or her counsel.

**REQUEST NO. 86**

All Documents relating to communications between Epstein and Epstein's attorneys or agents and Alexander Acosta, Maria Villafana, or other attorneys associated with the United States Attorney's Office for the Southern District of Florida.

**RESPONSE:**

The Co-Executors object to Request No. 86 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure.

The Co-Executors further object to Request No. 86 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors further object to this Request on the grounds that it seeks publicly available information and information already known to Plaintiff or her counsel.

## REQUEST NO. 87

All Documents concerning any action or lawsuit brought against Epstein, Maxwell, Kellen, or Groff, including, but not limited to, actions or lawsuits brought in foreign jurisdictions.

## RESPONSE:

The Co-Executors object to Request No. 87 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 87 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors further object to this Request on the grounds that it seeks publicly available information and information already known to Plaintiff or her counsel.

## REQUEST NO. 88

All Documents produced by Epstein or Maxwell in discovery in Giuffre v. Maxwell, No. 15-cv-07433-LAP (S.D.N.Y.).

## RESPONSE:

The Co-Executors object to Request No. 88 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure.

The Co-Executors further object to Request No. 88 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors further object to this Request on the grounds that it seeks publicly available information and information already known to Plaintiff or her counsel.

## REQUEST NO. 89

All Documents seized by any government agency from Epstein's home located at 9 East 71st Street, New York, New York or at 358 El Brillo Way, Palm Beach, Florida.

## RESPONSE:

The Co-Executors object to Request No. 89 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 89 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.

## REQUEST NO. 90

All Documents relating to the "two . . . payments, one in the amount of $250,000 and another in the amount of $100,000 to . . . two employees or associates of Mr. Epstein's" referenced by Assistant United States Attorney Alexander Rossmiller at Epstein's bail hearing on July 15, 2019, including Documents sufficient to identify the recipients of those payments. See Transcript of July 15, 2019 Bail Hearing at 9:15-20, United States v. Epstein, No. 19-cr-490 (RMB) (S.D.N.Y.)

**RESPONSE:**

The Co-Executors object to Request No. 90 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 90 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.

**REQUEST NO. 91**

All Documents relating to Shoppers Travel, including records of payment to Shoppers Travel, communications with Shoppers Travel, or records of any airline tickets, hotel reservations, or other travel accommodations booked through Shoppers Travel by Epstein or his agents or employees for himself or any other person.

**RESPONSE:**

The Co-Executors object to Request No. 91 on the grounds and to the extent that it calls for the production of documents and information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object to Request No. 91 on the grounds that, to the extent it seeks documents that are not related to Plaintiff, it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors additionally object to this Request on the grounds and to the extent that it specifically calls for the production of documents and information outside their possession, custody, and control.  The Co-Executors also object to this Request on the grounds and to the extent that it assumes facts not in evidence.

Dated: New York, New York
        April 16, 2020                    TROUTMAN SANDERS LLP

                                  By: */s/Bennet Moskowitz*
                                       Bennet Moskowitz
                                       875 Third Avenue
                                       New York, New York 10022
                                       Tel: (212) 704- 6087
                                       bennet.moskowitz@troutman.com

                                       *Attorneys for Darren K. Indyke and
                                       Richard D. Kahn, as co-executors of
                                       the estate of Jeffrey E. Epstein*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on April 16, 2020, I served a copy of the foregoing *Defendants' Objections and Responses to Plaintiff Juliette Bryant's First Request for Production of Documents to Defendants*, by sending them by email to:

Sigrid McCawley
Boies Schiller Flexner LLP
55 Hudson Yards
New York, New York 10001
Email: smccawley@bsfllp.com

TROUTMAN SANDERS LLP

By: /s/ *Mary Grace W. Metcalfe*
Mary Grace W. Metcalfe
875 Third Avenue
New York, New York 10022
Tel: (212) 704-6029
marygrace.metcalfe@troutman.com

*Attorneys for Darren K. Indyke and Richard D. Kahn, as co-executors of the estate of Jeffrey E. Epstein*