# Exhibit F



Sigrid S. McCawley<br>
Telephone: (954) 377-4223<br>
Email: smccawley@bsfllp.com

April 20, 2020

**VIA EMAIL**

Bennet J. Moskowitz
Troutman Sanders LLP
875 Third Avenue
New York, New York 10022
Tel: (212) 704-6087
bennet.moskowitz@troutman.com

   Re: ***Bryant v. Indyke et al.*, Case No. 1:19-10479**

Dear Bennet:

  I write on behalf of Plaintiff Juliette Bryant in response to Defendants Darren K. Indyke and Richard D. Kahn, as co-executors of the Estate of Jeffrey E. Epstein (the "Estate"), responses and objections to the Plaintiff's discovery requests provided on April 16, 2020. As you likely have anticipated, I specifically write in response to your total failure to respond to your discovery obligations. I ask that we meet and confer about your lack of responses as soon as practicable.

  *First*, as you are aware, Plaintiff served seventeen interrogatories on Defendants. You answered none of them; rather, each interrogatory is met with an assortment of boilerplate objections, ranging from objections to relevancy or "discovery about discovery" or assuming "facts not in evidence" (which is especially puzzling, given that the very purpose of discovery is to find such facts). At best, these objections are deficient; at worst, they are meritless and borderline frivolous.

  Similarly, you have failed to adequately respond to most of Plaintiff's document requests. Again, your objections are premised on conclusory objections, ranging from objections to relevancy and claims that certain documents are outside Defendants' possession, custody, and control. As part of your discovery obligations, "generalized objections that discovery requests are vague, overly broad, or unduly burdensome are not acceptable." *Shanchun Yu v. Diguojiaoyu, Inc.*, 18-CV-7303, 2019 WL 6174204, *4-5 (S.D.N.Y. Nov. 20, 2019) (granting plaintiffs' motion to compel discovery after defendants "raised repeated and rote objections to Plaintiffs' document requests, [] refused to provide Plaintiffs any documents whatsoever, and []answered the interrogatories in [a] substantially similar fashion"); *see also Harris v. Bronx Parent Housing Network, Inc.*, 18-CV-11681, 2020 WL 763740, at *2 (S.D.N.Y. Feb. 14, 2020) ("Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy, accompanied by a lack of document production or interrogatory response, are a paradigm of discovery abuse.") (internal quotation marks and citation omitted). "A party resisting discovery

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



April 20, 2020
Page 2

has the burden of showing specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive . . . by submitting affidavits or offering evidence revealing the nature of the burden." *Harris*, 2020 WL 763740, at *2 (internal quotation marks and citations omitted).

*Second*, your relevance objections are meritless. All of Plaintiff's requests are relevant. For example, please explain how documents relating to Juliette Bryant are not relevant to her claims or are not reasonably calculated to lead to the discovery of admissible evidence. *See* Request 1. Plaintiff alleges that Epstein abused her for years, organized her overseas travel on many occasions, obtained travel documents for her, housed her in his apartment building, and emailed her as recently as June 2019. She is entitled to any document relating to her. Plaintiff's other requests are also directly relevant to her claims or the Estate's anticipated affirmative defenses. She is entitled to discovery, for example, about Epstein's communications and relationships with the people who accompanied him to South Africa when he recruited her to be a part of his sex-trafficking operation (*e.g.*, RFPs 15, 53, 67–70; Interrogatory 11); documents relating to the employees who helped him transport Plaintiff to the United States and schedule Plaintiff for sex (*e.g.*, RFPs 3, 4, 29, 30, 31-38, 46-47); his pattern of enticing young models to fly to the United States by falsely claiming that he could get them modeling opportunities (*e.g.*, RFPs 18, 42, 76, 80–82); his communications with his associates who were present in Epstein's homes when Plaintiff was abused (*e.g.*, RFPs 63–66); and Epstein's travel to the places in which he abused Plaintiff (*e.g.*, RFPs 54–59).

Moreover, Plaintiff is entitled to know the breadth and nature the sex-trafficking operation that she was victimized by. *See* Fed. R. Evid. 415 ("In a civil case involving a claim for relief based on a party's alleged sexual assault or child molestation, the court may admit evidence that the party committed any other sexual assault or child molestation."). Plaintiff alleges that Epstein utilized his sex-trafficking operation to recruit and abuse countless young girls and women in a methodical and similar fashion. Epstein's recruitment, trafficking, and assault of other girls in the same way that he recruited, trafficked, and assaulted Plaintiff would make Plaintiff's allegations more probable. *See* Fed. R. Evid. 401. Plaintiff's discovery requests are therefore directly relevant to the allegations in her Complaint, or, at a minimum, are reasonably calculated to lead to the discovery of admissible evidence.

*Third*, your objections to certain of the time periods stated in the Requests are meritless for several reasons. As explained above, Epstein's other sexual assaults would be both relevant and admissible in this case, regardless of time period. Further, you have raised a statute of limitations defense in Plaintiff's case, and Plaintiff has made an equitable estoppel argument in response. Plaintiff is entitled to discovery relevant to her equitable estoppel theory, including but not limited to any threats or misrepresentations that Epstein made to Plaintiff to prevent her from filing this lawsuit, outside of the time period during which Plaintiff was physically abused by Epstein.

*Fourth*, your objection to Plaintiff's definition of Jeffrey Epstein as including "any entities owned or controlled by Jeffrey Epstein, any employee, agent, attorney, consultant, or



April 20, 2020
Page 3

representative of Jeffrey Epstein" is an improper attempt to narrow your discovery obligations in this matter.  Your objection directly contradicts the Local Rules of this Court, which define the word "parties" as including a defendant's "employees, partners, . . . or affiliates."  Local Rule 26.3(c)(5).  Plaintiff's definition is proper.

*Fifth*, your responses and objections state many times that certain documents and information are outside of the Estate's possession, custody, and control.  If that is the case, please explain what is and is not within the Estate's possession and control.  For example, please explain in detail what computers, hard drives, email accounts, telephone records, or hard copy documents you have reviewed and provide a list of search terms that were used and specifically list what items you claim to not have access to. We know that Epstein at a minimum used the following email accounts:

- jeffreye@mindspring.com;
- jeeproject@yahoo.com;
- jeevacation@gmail.com;
- jepstein@revonet.com;
- zorroranch@aol.com;
- cecilia@ellmax.com;
- cecilia.steen@gmail.com;
- jeffrey.epstein@centurytel.net; and
- epsteinj@wanadoo.fr

Confirm that you have accessed and searched each of these accounts and provide the protocol used for the search.  In the alternative, if the Estate contends that information that is responsive to Plaintiff's discovery requests was destroyed, provide all details relating to the destruction.

Please let us know your availability for a meet and confer on the following dates and times:

- Wednesday, April 22, 2020 between 2:00 and 3:00 EST;
- Thursday, April 23, 2020 between 3:00 EST and 6:00 EST; and
- Friday, April 24, 2020 between 3:00 EST and 5:00 EST.

                    Sincerely,

                    /s/ Sigrid S. McCawley
                    Sigrid S. McCawley

cc: Counsel of Record