

Troutman Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com

---

**Matthew J. Aaronson**
Matthew.aaronson@troutman.com

May 8, 2020

**Via ECF**

Hon. Debra C. Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

**Re:** *Jane Doe 1000*, **1:19-cv-10577-LJL-DCF**; *Teresa Helm*, **1:19-cv-10476-PGG-DCF**; *Juliette Bryant*, **1:19-cv-10479-ALC-DCF**

Dear Judge Freeman:

We represent Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein (together, the "Co-Executors"), in the above-referenced actions commenced by Plaintiffs Jane Doe 1000, Teresa Helm and Juliette Bryant (the "Actions"). Plaintiffs filed a letter in each of the Actions yesterday seeking a pre-motion conference on Plaintiffs' anticipated motions to compel, among other things, interrogatory responses (the "Letters"). While we address threshold issues with the Letters below – primarily that they are premature and inconsistent with Your Honor's individual rules and directions regarding the parties' obligation to engage in meaningful efforts to resolve discovery issues before seeking the court's intervention – one of Your Honor's explicitly stated pet peeves – we respectfully request that the Court deny the requests for pre-motion conferences as an unnecessary waste of the Court's time. Alternatively, the Co-Executors request permission to submit a response to the substantive issues raised in the Letters by *May 13, 2020*, by which time Co-Executors expect to have supplemented their interrogatory responses, which is something the Co-Executors agreed to do as a compromise, **before Plaintiffs went ahead and filed the Letters with the Court.**

The timing of the Letters is particularly troubling considering that the parties' meet-and-confer process was still very much on-going with respect to issues raised by both sides. In fact, we emailed Plaintiffs' counsel on May 6 seeking confirmation that, in light of the parties' continued communications to resolve certain discovery issues, *which only commenced on April 27*, neither side would seek judicial intervention at this time, consistent with Your Honor's directives.

Plaintiffs responded to that email yesterday at 5:41PM – 35 mins before they filed the Letters – leaving us no opportunity to respond to Plaintiffs' suggestion that the Parties were at an impasse. That is perplexing, given that the Co-Executors advised Plaintiffs' counsel during our conversation on April 27 (and again as recently as May 5) that the Co-Executors would be supplementing their interrogatory responses and would consider their position on a number of the issues Plaintiffs raised and get back to them. Plaintiffs' inexplicable rush to demand a pre-motion

May 8, 2020
Page 2



conference not only violates Your Honor's rules and explicit directions, it appears designed to obtain a perceived litigation advantage in an effort to detract from Plaintiffs' refusal to comply with their own discovery obligations (including, for example, their refusal to produce all of their medical records, and not just those that Plaintiffs unilaterally deem relevant to these actions).  Again, these are issues which the Co-Executors had believed the parties were still discussing in good faith.

Accordingly, the Court should deny Plaintiffs' request for a pre-motion conference on the grounds that the Letters are premature, misconstrue the nature of the Parties' discussions and violate Your Honor's rules concerning the Parties' obligations to meet and confer in good faith in an effort to resolve or narrow discovery disputes.  However, if Your Honor is inclined to consider Plaintiffs' request, then the Co-Executors respectfully request permission to submit a response to the substantive issues raised in the Letters by ***May 13, 2020***.

Respectfully submitted,


*s/Matthew J. Aaronson*
Matthew J. Aaronson


cc: Counsel of Record (via ECF)