

Sigrid S. McCawley
Telephone: (954) 377-4223
Email: smccawley@bsfllp.com

May 11, 2020

**VIA ECF**

The Honorable Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Juliette Bryant v. Darren K. Indyke & Richard D. Kahn,* **19-10479-ALC-DCF**

Dear Judge Freeman:

      We submit on behalf of Plaintiff Juliette Bryant this reply in further support of her letter motion for a conference to address Defendants' complete failure to participate in discovery to date (ECF No. 27), and in response to Defendants' letter, filed on May 8, 2020 (ECF No. 28). As set forth in Plaintiff's opening letter, Defendants refuse to produce documents concerning Jeffrey Epstein's sex-trafficking conspiracy. Instead, they offer to produce only documents that directly mention Plaintiff's name, and documents only from limited time periods surrounding the specific dates on which she was abused. ECF No. 27. Defendants also failed to respond to any of Plaintiff's Rule 33 interrogatories. Defendants' opposition admittedly offers no "response to the substantive issues," yet asks the Court to deny Plaintiff's request for a conference because it would somehow be "an unnecessary waste of the Court's time." ECF No. 28 at 1. The Court should reject Defendants' transparent delay tactic and order the Defendants to address their discovery deficiencies immediately.

      Defendants' only basis for arguing that a conference would be "premature" is that, on April 30, they promised to serve amended responses to Plaintiff's interrogatories by the end of last week. But not only did Defendants fail to serve amended interrogatory responses last week (despite committing to do so), they have never even offered to amend their responses to Plaintiff's Rule 34 requests for production. Defendants also made clear at a meet and confer held on Tuesday, May 5, that they would not be changing their positions on the threshold disputes identified in Plaintiff's letter. These disputes, which the parties have already conferred over for hours, are therefore ripe for the Court's review.

      Contrary to Defendants' suggestion, Plaintiff has complied with her obligations to meet and confer in good faith. She has also already produced hundreds of documents spanning over 10,000 pages. Instead, it is Defendants' obstructionist conduct that requires immediate Court intervention. Because this case was filed six months ago and the Court's Rule 16 conference took place back in February, Defendants' failure to produce a single document or meaningfully respond to discovery requests can only be viewed as an intentional effort to delay discovery. As just one example, Defendants claim that they "expect" to be able to "supplement" their interrogatory responses by May 13. But their initial responses, which are attached as exhibits to Plaintiff's

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

opening letter, speak for themselves, and make clear that Defendants have not undertaken reasonable efforts to comply with their discovery obligations or meet Court-ordered deadlines in good faith. Where, as here, Defendants (i) refused to answer interrogatories such as "Identify all email accounts used by Epstein or any of his employees or agents on his behalf"; (ii) failed to provide signatures, pursuant to Rule 33(b)(5), indicating that counsel even discussed the interrogatories with their clients before serving their responses; and (iii) did not send a single attorney involved in the drafting of their objections to the parties' April 27 meet and confer, leaving Defendants unable to explain how their responses were crafted or even articulate what they meant; it is clear that Defendants are attempting to game the process to maximize delay. Plaintiff's decision to curtail these dilatory tactics therefore does not fall within what the Court described as a "pet peeve" at the February 11, 2020, conference.

Plaintiff respectfully requests that the Court grant her request for a conference to address these issues.

Respectfully submitted,

*/s/ Sigrid S. McCawley*

Sigrid S. McCawley, Esq.

cc: Counsel of Record (via ECF)