Troutman Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com



**Matthew J. Aaronson**
Matthew.aaronson@troutman.com

May 13, 2020

**Via ECF**

Hon. Debra C. Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

**Re:** *Juliette Bryant*, 1:19-cv-10479-ALC-DCF

Dear Judge Freeman:

We represent Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein (together, the "Co-Executors"), in the above-referenced action (the "Action"). We write to address the substantive issues raised in Plaintiff's letters to the Court dated May 7 and May 11, prematurely requesting a pre-motion conference on Plaintiff's anticipated motion to compel. For the reasons set forth below and in our May 8 letter, we respectfully request that the Court deny Plaintiff's request.

The picture Plaintiff paints is a false one. On their face, Plaintiff's interrogatories are clearly overbroad and unduly burdensome. However, as a compromise and as the Co-Executors said they would do before Plaintiff filed her letter, the Co-Executors have supplemented their responses to those interrogatories. Notwithstanding that Plaintiff has provided no transparency into her own efforts to produce responsive materials (something the Co-Executors hope to resolve before filing letters with the Court), the Co-Executors have collected and are, in connection with this and the numerous other cases against them before Your Honor, reviewing a database of **over 730,000 documents.** We address Plaintiff's specific points below.

***First***, Plaintiff's proposed 18-year time frame for discovery is not proportional to the needs of this case and would impose an undue burden on the Co-Executors. Although Plaintiff asserts that her alleged abuse by Mr. Epstein occurred from 2002 to 2004, she demands discovery from 2001 through July 2019. Plaintiff's proposed time frame is contrary to the goals of the 2015 amendments to the Federal Rules of Civil Procedure, which emphasize the pre-existing but often-unheeded requirement that all civil discovery be proportional to the needs of the case. *See State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14CIV9792WHPJCF, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015),



*aff'd*, No. 14CV9792, 2016 WL 4530890 (S.D.N.Y. Mar. 24, 2016) ("[T]he amended rule is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse; by emphasizing the need to analyze proportionality before ordering production of relevant information."). Requiring the Co-Executors to conduct a search for and produce documents over an 18-year time period is not proportional to the needs of this case – which relates to Mr. Epstein's alleged conduct over a ***two-year*** period that concluded in 2004. The Co-Executors advised Plaintiff's counsel that the appropriate time period for discovery is the time period during which Plaintiff alleges she was abused and during which time her claims would have accrued. Moreover, the Co-Executors will search for and produce all non-privileged communications between Mr. Epstein and Plaintiff or otherwise concerning Plaintiff, regardless of the year.

Plaintiff's position, that all information relating to what Plaintiff describes as a "sex trafficking" scheme -- which is based on unproven allegations in the S.D.N.Y.'s 2019 indictment of Mr. Epstein -- is relevant to Plaintiff's alleged abuse, is untenable. Plaintiff does not assert sex trafficking claims. Rather, her claims are limited to battery and intentional infliction of emotional distress.

Moreover, conduct that occurred ***after*** Plaintiff's alleged abuse cannot possibly be used to support her claims. While Plaintiff posits that discovery relating to Mr. Epstein's conduct with other individuals is "relevant" to her claims, that does not mean that such discovery is proper. *See Mamakos v. United Airlines, Inc.*, No. CV147294JFBAKT, 2018 WL 4861392, at *2 (E.D.N.Y. Sept. 28, 2018) ("[A]lthough Rule 26 still permits a wide range of discovery based upon relevance and proportionality, the provision authorizing the court ... to order discovery of any matter relevant to the subject matter involved in the action has been eliminated.") (internal citations omitted). Accordingly, the Court should reject Plaintiff's attempt to grossly expand the scope of discovery to obtain documents that extend "far beyond the scope of Plaintiff's claims and would significantly burden" the Co-Executors. *See Robertson v. People Magazine,* No. 14 CIV. 6759 (PAC), 2015 WL 9077111, at *2 (S.D.N.Y. Dec. 16, 2015) (denying discovery requests that are "burdensome and disproportionate" where Plaintiff sought "nearly unlimited" discovery that was not addressed to alleged discriminatory conduct and/or comments).

Contrary to her counsel's assertion, Plaintiff does not need discovery about Mr. Epstein's interactions with other individuals to meet her burden to prove her claims for battery or intentional infliction of emotional distress allegedly committed *against her*. The mere fact that certain testimony regarding a defendant's prior conduct could theoretically be admissible at trial does not mean that Plaintiff is entitled to wide-ranging discovery. Plaintiff cites no authority for that proposition.

Nor does Plaintiff need discovery about Mr. Epstein's interactions with other individuals to invoke her equitable estoppel defense to the Co-Executor's assertion that her claims are barred by the statute of limitations. In order to prevail on her equitable estoppel defense, Plaintiff is required to show that Mr. Epstein's conduct *towards Plaintiff*


prevented her from bringing her suit earlier; his conduct towards others has no bearing on such a defense. "To invoke equitable estoppel, a plaintiff must show that: '(i) the defendant made a definite misrepresentation of fact and had reason to believe that the plaintiff would rely on it; and (ii) the plaintiff reasonably relied on that misrepresentation to h[er] detriment.'" *See Yesh Diamonds, Inc. v. Yashaya*, No. 09-CV-2016 (DLI) (RER), 2010 U.S. Dist. LEXIS 101744, at *5 (E.D.N.Y. Sept. 27, 2010) (*quoting Kavowras v. New York Times Co.*, 328 F.3d 50, 56-57 (2d Cir. 2003).

**Second**, Plaintiff suggests that the Co-Executors agreed to produce only documents that expressly reference Plaintiff. That is an inaccurate representation of the parties' conversations during the meet-and-confer sessions. As we explained during the parties' April 27 and May 5 meet-and-confers, the Co-Executors have and will continue to search for and produce documents that relate to Plaintiff and her claims of battery and intentional infliction of emotional distress, regardless of whether they specifically reference Plaintiff. For example, if the Complaint alleges that Plaintiff traveled on Mr. Epstein's plane, then flight logs for the relevant time period will be produced. Similarly, where phone records exist from the relevant time period and Plaintiff provides Co-Executors with phone numbers that she used during the Relevant Time Period, Co-Executors will search for calls to/from such phone numbers. To the extent Plaintiff bases her argument on the Co-Executors' search-term proposal for ESI, her counsel never engaged with us. Rather than continue discussions that include bilateral search-term proposals – as is customary in this District and something other counsel in the other lawsuits against the Estate have done – Plaintiff burdened the Court in an apparent effort to obtain a wide-ranging Court order that would unduly burden the Co-Executors. If Plaintiff had simply made a single proposal or engaged in any effort to compromise on her positions, this could have all been avoided.

**Third**, Plaintiff's request that the Co-Executors supplement their interrogatory responses is moot. Again, this is exactly the situation the Court warned against. The Co-Executors supplemented their interrogatory responses earlier today, as they agreed to do before Plaintiff went ahead and burdened the Court with her initial lengthy letter on this issue. The Co-Executors provided their initial and supplemental responses to Plaintiff's interrogatories in the capacity in which they were sued. Plaintiff provides no support for her position that the Co-Executors' responses should be made in their personal or other professional capacity. Plaintiff also misrepresents the parties' communications regarding information provided by Co-Executors in connection with their interrogatory responses. As we advised Plaintiff on several occasions, the Co-Executors reviewed and approved the interrogatory responses before they were served.

Plaintiff incorrectly states that counsel for Co-Executors represented that the Co-Executors "do not know where to look for responsive documents." To the contrary, we stated that, despite the fact that obtaining documents and information from a large, complicated estate is more involved and thus takes longer than the collection of documents from an individual party such as Plaintiff, the Co-Executors retrieved hundreds

May 13, 2020
Page 4



of thousands of documents and were reviewing the voluminous database in preparation for production, but that the task had been complicated by the need to track down such information and the attendant delays caused by the current pandemic. The Co-Executors have compiled a database with over 730,000 documents that they have been searching for documents responsive to this and discovery requests in numerous other lawsuits. Subject to the execution of a mutually acceptable ESI protocol and confidentiality order (something made abundantly clear in the Co-Executors' written responses to Plaintiff's requests for production), they expect to begin production within the next week. The only reason a confidentiality order was not already entered in this action (but was in several other lawsuits against the Co-Executors) is that, unlike the plaintiffs' counsel in the other actions, Plaintiff's counsel here insisted until shortly before filing their letter that the Co-Executors accept unsupportable changes, such as the removal of several categories of confidentiality that the Co-Executors require but which Plaintiff does not believe she needs—a vexatious tactic.

*Finally*, contrary to her representations to the Court, Plaintiff has not complied with her discovery obligations. Rather, Plaintiff produced a small set of self-selected, and useless materials so she could rush to Court under the guise of having made a meaningful production in the face of what she falsely claims was stonewalling from her adversaries. Approximately half of the documents Plaintiff produced are irrelevant documents from another case that was handled by Plaintiff's counsel that has nothing to do with Plaintiff's claims in this action.[1] There appears to have been no reason for the production of these documents other than to inflate the size of Plaintiff's production. Those same documents were also produced by the other Plaintiffs that Plaintiff's counsel represents in actions against Mr. Epstein's estate. They do not appear to be documents that were in Plaintiff's personal possession.

Accordingly, we request that the Court deny Plaintiff's request for a pre-motion conference and instead direct Plaintiff to engage in a good-faith meet-and-confer session to resolve the parties' discovery disputes.

Respectfully submitted,


*s/Matthew J. Aaronson*
Matthew J. Aaronson


cc: Counsel of Record (via ECF)

---

[1] The Court should be aware that the Hon. Lorretta A. Preska disqualified Plaintiff's counsel from acting as counsel in a subsequent action related to that other action.

42268847v5