
BOIES
SCHILLER
FLEXNER

Sigrid S. McCawley
Telephone: (954) 377-4223
Email: smccawley@bsfllp.com

May 14, 2020

**VIA ECF**

The Honorable Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      **Re:** *Juliette Bryant v. Darren K. Indyke & Richard D. Kahn,* 19-10479-ALC-DCF

Dear Judge Freeman:

      We submit on behalf of Plaintiff Juliette Bryant this reply in further support of her letter motion for a conference to address Defendants' failure to comply with their discovery obligations (ECF No. 27), and in response to Defendants' second letter in opposition, filed on May 13, 2020 (ECF No. 34). As an initial matter, the Court should disregard Defendants' latest response as untimely. Pursuant to Individual Rule 1.D., "[u]nless the Court orders otherwise, opposition to any letter motion shall be filed within three (3) days of the moving letter." Notwithstanding this rule, Defendants filed an incomplete and non-substantive opposition on May 8, and requested "permission to submit a response to the substantive issues raised in the Letters by May 13, 2020." ECF No. 28. Defendants' letter did not comply with Individual Rule 1.B., which governs "requests for adjournments or extensions of time." In any event, the Court did not issue an order extending Defendants' time to respond, much less grant Defendants leave to file two oppositions as opposed to one. But even if the Court were to consider Defendants' untimely filing, each of their arguments is meritless, and confirms the need for immediate Court intervention to resolve the parties' disputes.

      *First*, Defendants refuse to engage in discovery for more than a narrow, two-year period (2002-2004). This is improper, as information concerning Epstein's abuse of other girls and young women throughout the span of his sex-trafficking conspiracy is plainly relevant, and therefore discoverable under Rule 26. Defendants deride Plaintiff's allegations as a "sex trafficking *scheme*–which," according to Defendants, "is based on *unproven allegations* in the S.D.N.Y.'s 2019 indictment of Mr. Epstein." ECF No. 34 at 2 (emphases added). But given all that has been discovered about the scope of Epstein's operations and the numerous ways in which Plaintiff's abuse mirrored Epstein's abuse of others, Defendants' argument that Plaintiff "does not need discovery about Mr. Epstein's interactions with other individuals" is baseless. As set forth in Plaintiff's opening letter, "[d]ocuments relating to the sexual trafficking and/or sexual assault of others at any point during that period would make the fact that Epstein trafficked and sexually assaulted Plaintiff, the key fact that Plaintiff bears the burden of proving in this case, more probable than it would be without such evidence." ECF No. 27 at 2. Moreover, Rule 415 (which Defendants fail to address) unambiguously provides that "[i]n a civil case involving a claim for relief based on a party's alleged sexual assault or child molestation, the court may admit evidence that the party

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

committed any other sexual assault or child molestation." Fed. R. Evid. 415. Defendants are free to attempt to prove Epstein innocent, and can try to prove that the allegations set forth in Plaintiff's complaint and the S.D.N.Y.'s indictment are false. They cannot, however, prevent Plaintiff from accessing the information that would prove otherwise.

Defendants argue that allowing discovery into a period of time greater than two years is somehow "not proportional to the needs of this case and would impose an undue burden on the Co-Executors." ECF No. 34 at 1. But "unsubstantiated claims of undue burden, overbreadth and lack of relevancy" in situations where a party has "produced no documents and answered no interrogatories . . . are a paradigm of discovery abuse." *Jacoby v. Hartford Life & Acc. Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009). Defendants do not even attempt to quantify what the burden of reviewing documents through the present would be, or how that number would compare to that for the two-year time period they propose. The only information Defendants offer in their letter is a representation that they are "reviewing a database of *over 730,000 documents*." ECF No. 34 at 1 (emphasis in original). That representation is ambiguous, however, as it sheds no light on (i) how many of those documents Defendants will review (as opposed to just being a number of documents housed on a "database"); (ii) how those documents were collected; or (iii) whether any of those documents are currently being reviewed in response to the discovery requests Plaintiff served in this case (as opposed to those served in cases brought by other victims). And the fact that Epstein's Estate is "large and complicated" does not change Defendants' discovery obligations or the deadlines that this Court imposed. Absent any particularized showing that compliance with Plaintiff's discovery requests would pose an undue burden, Defendants' proposal to limit the discovery period to two years is unfounded. Again, to date Defendants ***have not produced a single document—not one***.

***Second***, Defendants improperly refuse to answer interrogatories or produce documents that do not specifically reference Plaintiff or the specific instances in which she was abused. Defendants claim that they "have and will continue to search for and produce documents that relate to Plaintiff and her claims of battery and intentional infliction of emotional distress, regardless of whether they specifically reference Plaintiff." ECF No. 34 at 3. As set forth above, however, Plaintiff is entitled to information concerning Epstein's sex-trafficking conspiracy as a whole, including his abuse of others, his communications with his co-conspirators, and the various ways in which he operated his scheme throughout the years. Because the parties' disagreement hinges on whether or not defined topics are discoverable under Rule 26, Defendants' suggestion that the dispute can be resolved by exchanging "bilateral search-term proposals" is disingenuous at best.[1] *Id*. at 3. Court intervention is required now so that Defendants can begin reviewing and producing documents concerning the sex-trafficking conspiracy they are trying to keep secret.

***Third***, the Court should compel Defendants to answer Plaintiff's interrogatories in full. In a desperate attempt to convince the Court that this issue is somehow "moot" or that Plaintiff's pre-motion letter was "premature," Defendants claim that Plaintiff's request was merely "that Co-

---

[1] Plaintiff already offered to provide a list of search terms to Defendants, and their counsel responded by stating that Defendants would only consider any other names Plaintiff goes by as a search term. If that was not Defendants' position, they never corrected it or otherwise indicated that they would change it.

Executors supplement their interrogatory responses." ECF No. 34 at 3. To be clear, Plaintiff's anticipated motion will be to compel Defendants to respond meaningfully to all of Plaintiff's interrogatories, which has still not happened despite Defendants' belated "supplementation." Defendants' "supplemental responses," attached hereto as Exhibit A, remain deficient, and only insert cosmetic changes based on information that should have been obvious to Defendants at the time they served their "initial" responses,[2] or parrot back information taken from Plaintiff's complaint and Plaintiff's own production of documents. In any event, each of Defendants' "supplemental" responses "is limited to the Relevant Time Period," which means that Defendants ***still refuse to answer Plaintiff's interrogatories for more than a two-year period***. Court intervention is required to compel Defendants to answer these interrogatories in full.

*Finally*, although irrelevant to the pending motion concerning *Defendants'* discovery efforts, Plaintiff has fully complied with her discovery obligations to date, and will continue to do so. Defendants complain that Plaintiff included within her productions what they claim are "irrelevant documents from another case," ECF No. 34 at 4, but Plaintiff produced these documents because Defendants specifically asked for the documents identified in Plaintiff's initial disclosures, and Plaintiff correctly produced those documents. Plaintiff has and will continue to engage with opposing counsel in good faith to answer any questions they may have.[3]

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her request for a conference.

---

[2] Together with their "supplemental responses," Defendants' served verifications for their "initial responses" on May 13, 2020. Ex. B. Whereas the initial responses were served on April 16, the signatures for the verifications for those responses are dated May 12, 2020, which is the same date as the verifications for the supplemental responses.

[3] In a footnote, Defendants mention a ruling in *Giuffre v. Dershowitz*, which disqualified Boies Schiller Flexner LLP ("BSF") as counsel for another Epstein victim, Virginia Giuffre, in a defamation case brought by that victim against Alan Dershowitz. *Giuffre v. Dershowitz*, 410 F. Supp. 3d 564, 578-79 (S.D.N.Y. 2019). Judge Preska's disqualification of the law firm was not a sanction. Instead, it was based on the advocate-witness rule because Dershowitz claimed that a BSF attorney (while representing the victim) said something to him during a settlement negotiation that would implicate the truth or falsity of one of Dershowitz's allegedly defamatory statements. *Id*. at 579. Indeed, BSF continues to represent Virginia Giuffre before Judge Preska in the *Giuffre v. Maxwell* matter. Defendants disingenuously state that "[t]he Court should be aware" of that ruling, despite the fact that it has nothing to do with whether or not Plaintiff herself was a victim of Epstein's sex-trafficking conspiracy. If Defendants and their counsel are actually seeking to prove Epstein innocent or otherwise insulated from accounting for his misconduct, they should drop their baseless objections to discovery, stop ad hominem attacks on counsel, cease their delay tactics, and welcome a trial on the merits.

Respectfully submitted,

*/s/ Sigrid S. McCawley*

Sigrid S. McCawley, Esq.

cc:  Counsel of Record (via ECF)