# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIETTE BRYANT,

          *Plaintiff*,

v.

DARREN K. INDYKE and RICHARD D. KAHN in their capacities as the executors of the ESTATE OF JEFFREY EDWARD EPSTEIN,

          *Defendants*.

Case No. 1:19-cv-10479-ALC-DCF

**DEFENDANTS' OBJECTIONS AND SUPPLEMENTAL RESPONSES TO PLAINTIFF JULIETTE BRYANT'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Defendants Darren K. Indyke and Richard D. Kahn, as co-executors of the estate of Jeffrey E. Epstein (the "Co-Executors"), by their attorneys, pursuant to Federal Rules of Civil Procedure 26 and 33, provide the following supplemental responses to Plaintiff Juliette Bryant's ("Plaintiff") First Set of Interrogatories to Defendants (the "Interrogatories").

**RESERVATION OF RIGHTS**

These supplemental responses are made solely for the purpose of and in relation to discovery in the above-captioned action. The Co-Executors submit these supplemental responses subject to, and without intending to waive, and expressly preserving: (i) any objections as to relevancy, materiality, competency, privilege and admissibility of any documents and information produced in discovery, including without limitation herein; and (ii) the right to object to any other discovery requests. The Co-Executors have been placed in charge of a large and complex estate and are working to determine the existence of responsive information concerning the affairs of Jeffrey E. Epstein ("Decedent") and those efforts are continuing. Much of the requested information is outside of their knowledge, possession or control. To the extent non privileged

responsive information would be available to them at all, access to such information has been severely hampered by the current pandemic. Accordingly, Co-Executors reserve their right to amend or further supplement these responses if and when appropriate. Further, these supplemental responses are neither an admission nor acceptance of any alleged facts, including without limitation those stated in the Interrogatories.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The Co-Executors incorporate their initial objections to the definitions and instructions as if stated fully herein.

## SPECIFIC OBJECTIONS AND SUPPLEMENTAL RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

List the names and addresses of all persons who are believed or known by You, Your agents, or Your attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

### SUPPLEMENTAL RESPONSE:

The Co-Executors object to Interrogatory No. 1 on the grounds and to the extent that it calls for the production of information protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors also object to Interrogatory No. 1 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, the Co-Executors identify the following individuals who have knowledge concerning the battery and intentional infliction of emotional distress allegedly committed by Decedent against Plaintiff: Plaintiff and Sven

2

Stromnes.

In addition, in her Complaint, Plaintiff identifies the following individuals with whom she alleges she interacted with or communicated with: Naja Hill, "the former high U.S. Government official, the famous actor, and the well-known comedian" described in paragraph 39 of Plaintiff's Complaint, Lesley Groff, Plaintiff's mother, Sarah Kellen, the "other young girl" described in paragraph 44 of Plaintiff's Complaint, and Ghislaine Maxwell. Co-Executors do not know whether these individuals ever spoke with or interacted with Plaintiff, or have knowledge concerning Plaintiff's claims.

In addition, the Co-Executors identify the following individuals, believed to have worked at Decedent's homes in New York, Paris, New Mexico, Palm Beach, Florida and United States Virgin Islands, which where Plaintiff alleges she encountered Decedent, during the period from 2002 to 2004, which based upon the allegations of the Complaint, appears to cover the entire time period during which Plaintiff's claims accrued (the "Relevant Time Period"): Luciano Fontanilla, Rosalyn Fontanilla, Richard Barnett, Valdson Cotrin, Brice Gordon, Karen Gordon, Deidre Stratton, Floyd Stratton, Miles Alexander, Catherine Alexander, Ghislaine Maxwell, Alvin White, Juan Alessi, Maria Alessi, Adam Perry Lang, Michael Friedman, Rosalie Friedman, Louella Rabuyo and Alfredo Rodriguez. Co-Executors do not know whether these individuals ever spoke with or interacted with Plaintiff, or have knowledge concerning Plaintiff's allegations.

To the extent additional individuals are identified in response to other interrogatories, those individuals may, but not necessarily, have such knowledge. The Co-Executors' search for relevant information remains ongoing; they will supplement this response if and when any additional responsive information is ascertained.

**INTERROGATORY NO. 2**

Identify all email accounts used by Epstein or any of his employees or agents on his behalf.

**SUPPLEMENTAL RESPONSE:**

The Co-Executors object to Interrogatory No. 2 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors further object to this Interrogatory on the grounds and to the extent that it is unconstrained by time. Accordingly, Co-Executors' response is limited to the Relevant Time Period.

Subject to and without waiving the foregoing objections, the Co-Executors state that it is their understanding that the email addresses listed below were created for or on behalf of Decedent, but only [jeevacation@gmail.com](jeevacation@gmail.com) and [jeeproject@yahoo.com](jeeproject@yahoo.com) were actively used by Decedent himself. Moreover, Co-Executors currently do not believe that [jeevacation@gmail.com](jeevacation@gmail.com) existed or was in use during the Relevant Time Period and do not know whether [jeeproject@yahoo.com](jeeproject@yahoo.com) was in use during the Relevant Time Period:

- columbiadental1@yahoo.com
- jeevacation@me.com
- jeevacation1@me.com
- jeeproject@yahoo.com
- jeevacation@gmail.com
- jeffrey@jeffreyepstein.org
- jeffreyepsteinorg@gmail.com
- jeffreyepsteinorg@yahoo.com
- jeffreyepstein@live.com
- jeeitunes@gmail.com
- littlestjeff@yahoo.com

The Co-Executors' search for relevant information remains ongoing; they will supplement this response if and when any additional responsive information is ascertained.

42245537

## INTERROGATORY NO. 3

Identify all telephone numbers used by Epstein or any of his employees or agents acting on his behalf, including beepers, Blackberry or PDA devices, cellular phones and land lines in any of his residences, by stating the users name, complete telephone number(s), type of device and name of the service provider.

## SUPPLEMENTAL RESPONSE:

The Co-Executors object to Interrogatory No. 3 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors further object to this Interrogatory on the grounds and to the extent that it is unconstrained by time. Accordingly, Co-Executors' response is limited to the Relevant Time Period.

Subject to and without waiving the foregoing objections, the Co-Executors state that it is their understanding that the following phone numbers were used by Decedent or registered to properties where Decedent stayed at different times, but are unaware of the specific time period that the numbers were in use:

| | | |
|---|---|---|
| 340-775-8111 | 340-775-8121 | 340-775-8143 |
| 340-775-8112 | 340-775-8122 | 340-775-8144 |
| 340-775-8113 | 340-775-8123 | 340-775-8145 |
| 340-775-8114 | 340-775-8124 | 340-775-8146 |
| 340-775-8100 | 340-775-8125 | 340-775-8147 |
| 340-775-8101 | 340-775-8126 | 340-775-8148 |
| 340-775-8102 | 340-775-8127 | 340-775-8149 |
| 340-775-8103 | 340-775-8128 | 561-655-7626 |
| 340-775-8104 | 340-775-8129 | 561-655-7629 |
| 340-775-8105 | 340-775-8130 | 561-832-2104 |
| 340-775-8106 | 340-775-8131 | 561-805-8663 |
| 340-775-8107 | 340-775-8132 | 561-655-3572 |
| 340-775-8108 | 340-775-8133 | 561-655-3704 |
| 340-775-8109 | 340-775-8134 | 561-655-2312 |
| 340-775-8110 | 340-775-8135 | 561-655-2779 |
| 340-775-8115 | 340-775-8136 | 505-938-2929 |
| 340-775-8116 | 340-775-8137 | 505-938-2930 |
| 340-775-8117 | 340-775-8138 | 505-938-2928 |
| 340-775-8118 | 340-775-8139 | 505-938-3065 |
| 340-775-8119 | 340-775-8140 | 505-938-3066 |
| 340-775-8120 | 340-775-8141 | 505-938-3069 |
| | 340-775-8142 | 505-938-3071 |
| 505-938-3072 | 212-472-1411 | 347-603-2935 |
| 505-988-3071 | 212-472-4883 | 505-377-3854 |
| 505-832-4900 | 212-535-5198 | 505-934-1256 |
| 505-832-4970 | 212-535-5297 | |
| 505-832-4983 | 212-717-4672 | (212) 533-3739 |
| 505-832-5369 | 212-249-1122 | |
| 505-832-5401 | 212-327-1608 | |
| 212-772-9416 | 212-879-3281 | |
| 212-249-1113 | 212-750-9895 | |
| 212-249-1166 | | |
| 212-249-9457 | | |

The Co-Executors' search for relevant information remains ongoing; they will supplement this response if and when any additional responsive information is ascertained.

**INTERROGATORY NO. 4**

Identify all employees, including each employee's position and dates and locations of employment, who performed work or services in or on any property owned, leased, occupied, or

6

used by Epstein, including but not limited Epstein's homes in Palm Beach, Florida, New York City, the U.S. Virgin Islands, New Mexico, London and Paris, and provide the name and contact information of the individual who hired, trained and supervised each employee.

**SUPPLEMENTAL RESPONSE:**

The Co-Executors object to Interrogatory No. 4 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors further object to this Interrogatory on the grounds and to the extent that it is unconstrained by time. Accordingly, Co-Executors' response is limited to those individuals who are believed to have worked during the Relevant Time Period at Decedent's homes in New York, the United States Virgin Islands, Paris, Palm Beach, Florida and New Mexico, where Plaintiff alleges she encountered Decedent. Co-Executors do not know whether these individuals ever spoke with or interacted with Plaintiff during the Relevant Time Period.

Subject to and without waiving the foregoing objections, the Co-Executors identify the following individuals:

- Luciano Fontanilla
- Rosalyn Fontanilla
- Richard Barnett
- Valdson Cotrin
- Brice Gordon
- Karen Gordon
- Deidre Stratton
- Floyd Stratton
- Miles Alexander
- Catherine Alexander
- Ghislaine Maxwell
- Alvin White
- Juan Alessi,
- Maria Alessi,
- Adam Perry Lang
- Michael Friedman
- Rosalie Friedman

7

- Louella Rabuyo
- Alfredo Rodriguez

The Co-Executors' search for relevant information remains ongoing; they will supplement this response if and when any additional responsive information is ascertained.

**INTERROGATORY NO. 5**

Identify all employees, including each employee's position and dates and locations of employment, who performed work as an assistant, scheduler, secretary, masseuse or traveling masseuse for Epstein and provide the name and contact information of the individual who hired, trained and supervised each employee.

**SUPPLEMENTAL RESPONSE:**

The Co-Executors object to Interrogatory No. 5 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Interrogatory on the grounds that the terms "scheduler" and "traveling masseuse" are vague and ambiguous. The Co-Executors further object to this Interrogatory on the grounds and to the extent that it is unconstrained by time. Accordingly, Co-Executors' response is limited to the Relevant Time Period.

Subject to and without waiving the foregoing objections, Co-Executors identify Lesley Groff and Sarah Kellen, who were Decedent's assistants during the Relevant Time Period. Co-Executors do not know whether Ms. Groff or Ms. Kellen ever spoke with or interacted with Plaintiff. Co-Executors also refer Plaintiff to the documents produced by Plaintiff at Bates Nos. JBRYANT 3736-3832, which purports to list contact information for masseuses. Co-Executors do not know whether any individuals identified therein are masseuses or if those individuals provided massages to Decedent during the Relevant Time Period. The Co-Executors' search for

8

relevant information remains ongoing; they will supplement this response if and when any additional responsive information is ascertained.

**INTERROGATORY NO. 6**

Identify all companies and/or persons who provided transportation services to Epstein, whether as an employee or independent contractor, including without limitation drivers, chauffeurs, boat captains, pilots, and aircraft crew, and provide the contact information for each listed person or company.

**SUPPLEMENTAL RESPONSE:**

The Co-Executors object to Interrogatory No. 6 on the grounds that it seeks information that is neither relevant to Plaintiff's claims; it is also overly broad and unduly burdensome. The Co-Executors also object to this Interrogatory on the grounds that the phrase "transportation services" is vague and ambiguous. The Co-Executors further object to this Interrogatory on the grounds and to the extent that is unconstrained by time. Accordingly, Co-Executors' response is limited to the Relevant Time Period.

Subject to and without waiving the foregoing objections, the Co-Executors state the following individuals provided transportation services to Decedent during the Relevant Time Period:

- David Rodgers
- Larry Visoski
- Larry Morrison
- Alvin White

Subject to and without waiving the foregoing objections, Co-Executors identify Shoppers Travel, Inc., which is a travel agency that provided travel-related services to Decedent during the Relevant Time Period. The Co-Executors' search for relevant information remains ongoing; they will supplement this response if and when any additional responsive information is ascertained.

**INTERROGATORY NO. 7**

Identify all females by name and age for whom Epstein or his employees or agents provided accommodations at 301 East 66th Street, New York, New York for any period of time.

**SUPPLEMENTAL RESPONSE:**

The Co-Executors object to Interrogatory No. 7 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Interrogatory on the grounds that the phrase "provided accommodations" is vague and ambiguous. The Co-Executors further object to this Interrogatory on the grounds and to the extent that it is unconstrained by time. Accordingly, Co-Executors' response is limited to the Relevant Time Period.

Subject to and without waiving the foregoing objections, the Co-Executors state the following individuals stayed at 301 East 66th Street, New York, New York for some period of time, but it is unknown whether any of them stayed at 301 East 66th Street, New York, New York during the Relevant Time Period:

- Roslyn Fontanilla
- Susan Hamblin
- Sarah Kellen

Co-Executors do not know whether the individuals listed have ever spoke with or interacted with Plaintiff during the Relevant Time Period. The Co-Executors' search for relevant information remains ongoing; they will supplement this response if and when any additional responsive information is ascertained.

**INTERROGATORY NO. 8**

Identify by name and age all persons who gave a massage or were asked to give a massage to Epstein, Maxwell or a guest, or to whom Epstein or Maxwell gave a massage, at any of Epstein's residences and provide the location of each massage.

**SUPPLEMENTAL RESPONSE:**

The Co-Executors object to Interrogatory No. 8 on the grounds and to the extent that it calls for the production of information protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection from disclosure. The Co-Executors further object on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors further object to this Interrogatory on the grounds and to the extent that it is unconstrained by time. Accordingly, Co-Executors' response is limited to the Relevant Time Period.

Subject to and without waiving the foregoing objections, Co-Executors refer Plaintiff to the documents produced by Plaintiff at Bates Nos. JBRYANT 3736-3832, which purports to list contact information for masseuses. Co-Executors do not know whether any individuals identified therein are masseuses or if those individuals provided massages to Decedent during the Relevant Time Period. The Co-Executors' search for relevant information remains ongoing; they will supplement this response if and when any additional responsive information is ascertained.

**INTERROGATORY NO. 12**

Identify any telecommunications, information technology, or audio-visual technology company that Epstein hired for work in any of his residences or offices and provide the name and contact information for each individual or company listed, in addition to the residence or office serviced.

**SUPPLEMENTAL RESPONSE:**

The Co-Executors object to Interrogatory No. 12 on the grounds that it seeks information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case; it is also overly broad and unduly burdensome. The Co-Executors also object to this Interrogatory on the grounds that the phrase "hired for work" is vague and ambiguous. The Co-Executors further object

11

to this Interrogatory on the grounds and to the extent that it is unconstrained by time. Accordingly, Co-Executors' response is limited to the Relevant Time Period.

Subject to and without waiving the foregoing objections, the Co-Executors believe that Jermaine Ruan performed information technology work at Decedent's home in the United States Virgin Islands during the Relevant Time Period. Subject to and without waiving the foregoing objections, the Co-Executors also believe that Mark Lundberg may have performed information technology work in some or all of Decedent's homes during the Relevant Time Period.

The Co-Executors' search for relevant information remains ongoing; they will supplement this response if and when any additional responsive information is ascertained.

Dated: New York, New York
       May 13, 2020

TROUTMAN SANDERS LLP

By: */s/Bennet Moskowitz*
    Bennet Moskowitz
    875 Third Avenue
    New York, New York 10022
    Tel: (212) 704-6087
    bennet.moskowitz@troutman.com

    *Attorney for Darren K. Indyke and Richard D. Kahn, as co-executors of the estate of Jeffrey E. Epstein*

12

42245537

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

JULIETTE BRYANT,

    *Plaintiff,*

v.

DARREN K. INDYKE and RICHARD D. KAHN in their capacities as the executors of the ESTATE OF JEFFREY EDWARD EPSTEIN,

    *Defendants.*

Case No. 1:19-cv-10479-ALC-DCF

## VERIFICATION

Darren K. Indyke and Richard D. Kahn, as Co-Executors of the estate of Jeffrey E. Epstein (the "Co-Executors"), have read the foregoing *Co-Executors' Objections and Supplemental Responses to Plaintiff's First Set of Interrogatories* and are familiar with its contents. The responses are subject to inadvertent and undiscovered errors and are based on information available at this stage of discovery. The Co-Executors reserve the right to amend the responses if it appears at any time that omissions or errors have been made therein or that more accurate or additional information is available. Subject to the limitations set forth herein and to the best of their knowledge and belief, Mr. Indyke and Mr. Kahn, solely in their capacities as Co-Executors, state that the answers contained therein are true and correct.

I state under penalty of perjury that the foregoing is true and correct. Executed on May 12, 2020

_____
Darren K. Indyke
Co-Executor of the Estate of Jeffrey E. Epstein

I state under penalty of perjury that the foregoing is true and correct. Executed on May 12, 2020

_____
Richard D. Kahn
Co-Executor of the Estate of Jeffrey E. Epstein

42211324v3